No. 21,419.

A. F. LOMBARD, *Appellee*, v. O. W. UHRICH and B. H. UHRICH, Partners as the UHRICH PLANING MILL COMPANY, *Appellants*.

### SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Judgment for Weekly Payments— Petition for New Trial—No Grounds for New Trial Alleged.* Judgment was rendered under the workmen's compensation act, providing for the payment of four dollars a week during the period of plaintiff's partial incapacity, and providing that the defendants should be relieved from the payments if they continued the plaintiff in their employ and paid him the same wages as he received before he was injured, and providing that whenever the plaintiff should quit the defendants' employ, the payments should begin. A petition for a new trial was filed, alleging that the plaintiff acted fraudulently in procuring the judgment, in that he intended to quit the defendants' employ and seek employment elsewhere at increased wages, and alleging that the plaintiff did quit the defendants' employ and did procure emment elsewhere at increased wages. *Held,* that the petition did not state facts sufficient to compel the trial court to grant a new trial.

2. SAME—*New Order as to Payments Proper.* Under the circumstances disclosed in paragraph 1 of this syllabus, the court ordered that if the defendants defaulted in the payment of four dollars a week the entire amount of compensation should become due, and that execution should then issue therefor. *Held,* that it was not error to enter that order.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed April 6, 1918. Affirmed.

*O. L. O'Brien,* and *W. N. Banks,* both of Independence, for the appellant.

*Thomas E. Wagstaff,* of Independence, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendants appeal from an order striking a petition for a new trial from the files. The action was brought to recover compensation under the workmen's compensation law. There was a trial by the court, without a jury; special findings of fact were made, and judgment was rendered in favor of the plaintiff for ten weeks' total incapacity, and for partial incapacity during the remainder of

Lombard v. Planing Mill Co.

eight years at four dollars a week, to be paid every two weeks, and—

"That the defendants shall be relieved from the periodical payments herein specified if they shall receive the plaintiff back into their employ and continue him therein and pay him the same wages as he was receiving at the time of his injury, but whenever plaintiff quits the defendants' employ the payments herein fixed for shall begin."

Each of the parties filed a motion for a new trial; both motions were afterward withdrawn, and each of the parties consented—

"That the court shall fix the amount which the said defendants shall pay into court to satisfy the judgment heretofore rendered as to payments which the said plaintiff shall receive during the period of his total incapacity and during the further period that the said plaintiff was not in the employ of the said defendants, and the said plaintiff and the said defendants further joining in a request upon the court to fix the amount of attorney's fees for the attorney for the plaintiff herein."

Almost six months afterward the defendants filed a petition for a new trial, and in that petition alleged—

"That thereafter and before the hearing of said motion for a new trial it was agreed between the plaintiff and these defendants that the plaintiff would remain in the employ of these defendants and that these defendants would give him employment at the same wage that he had received from them before his said injury complained of in his petition filed herein and that as long as these defendants furnished to plaintiff such employment he would remain in the employ of these defendants and that these defendants should not under those circumstances pay nor be called upon to pay by the plaintiff the said sum of four dollars per week.

"It was further mutually agreed between the plaintiff and these defendants that in consideration of the mutual agreement of the defendants to furnish employment to plaintiff and plaintiff to accept said employment as above set forth that each of the parties to this action would withdraw their motion for a new trial and that the defendants would pay to plaintiff the sum of one hundred and eighty-seven and ninety one-hundredths ($187.90) dollars and the costs of this action taxed at fifteen and twenty-five one-hundredths .($15.25) dollars.

"These defendants further state that since the said 31st day of October, A. D. 1916, they have procured newly discovered evidence by which they can prove that the said plaintiff in entering into the agreements as set forth herein with them entered into said agreements with the intention of violating the same and with the intention of not remaining in the employ of these defendants and with the intention as

soon as the judgment and agreement entered into in this case became final that he would quit the employ of these defendants and enter into other employment where he could earn as much money as he was being paid by these defendants and after a period of time attempt to collect from these defendants the said sum of four dollars per week.

"That in so doing the said plaintiff wilfully and intentionally · deceived and defrauded this court and these defendants.

.   .   .   .   .   .   .   .   .   .

"Defendants further state that the said plaintiff in quitting the employ of these defendants, quit said employ without any reason therefor, that they were then, and will now, and have at all times been willing, able and ready to give the plaintiff employment as contemplated by this court in making the said findings and in rendering its said judgment herein, and that they are now ready, able and willing to furnish plaintiff employment at the same wage which he was receiving and which was contemplated he should receive by this court in making its said findings and in entering into the agreement and in rendering the judgment that was rendered in this cause, but that the said plaintiff prefers to leave the employment of these defendants for the sole reason that he can and is able to earn as much or more money by working for other people in a like capacity."

The petition for a new trial was stricken from the files on the motion of the plaintiff. He made an application for an order to enforce the judgment. On that application the court made the following order:

"It is by the court further ordered that the defendants pay to the plaintiff within ten (10) days from this date the sum of four ($4.00) dollars per week from October 31st, A. D. 1916, to this date, and continue to pay to the plaintiff the sum of four ($4.00) dollars per week for the time and period fixed in the original judgment of this court. And that in default of any of such payments that the whole amount of such payments in lump sum of the entire amount of compensation, payable as by such judgment, be and become due, and that the plaintiff is entitled to an execution for the whole of said amount in a lump sum upon such default."

The defendants appeal from these orders, and assign each as error.

1. Did the court err in striking the defendants' petition from the files? In order to properly answer this question, it is necessary to analyze the petition. It states that since the judgment was rendered evidence has been discovered to prove two facts; one that the plaintiff acted fraudulently when he procured the judgment against the defendants.; and the other that the plaintiff's injuries, since they are healed, in no way interfere with his earning capacity. Assuming

that the defendants' charge of fraud is true, and that it can be established, it cannot have any effect on the plaintiff's right to recover. The judgment contemplates that the plaintiff has the right to quit the defendants' employ at any time that he may choose so to do, and the judgment likewise contemplates that the defendants may discharge the plaintiff whenever they desire. In either event, the defendants must pay to the plaintiff compensation at the rate of four dollars a week. Neither party can compel the other to continue the employment under the judgment, and no judgment could have been legally rendered by which such an employment could be enforced. It has been held that—

"An employee partially incapacitated by an injury from performing his labor does not lose his right to compensation under the workmen's compensation act by remaining in the employment of his master at his former wages." (*Gailey v. Manufacturing Co.*, 98 Kan. 53, syl. ¶ 2, 157 Pac. 431.)

The court reached its conclusion concerning the plaintiff's incapacity to labor after hearing all the evidence that was available at the time of the trial. The degree of the plaintiff's incapacity could not then be definitely ascertained. Not until the entire period has expired for which compensation is allowed can it be definitely and certainly known what is the degree of incapacity caused by any injury. Section 5906 of the General Statutes of 1915 contemplates that this fact cannot be definitely fixed. The plaintiff was injured on October 31, 1913; judgment was rendered on March 27, 1916, and the order from which this appeal is taken was entered on April 16, 1917. During that time economic conditions changed, and wages greatly increased. At the time the last order was made there was great demand for laborers, and any one who could work could receive good wages. If during that time the demand for labor had not changed, probably the plaintiff could not have secured employment except at reduced wages.

The fact that the plaintiff, after he quit the employ of the defendants, was employed in a like capacity for other parties at a more remunerative wage does not defeat his right to recover under the workmen's compensation act. In *Sauvain v. Battelle,* 100 Kan. 468, 164 Pac. 1068, this court said:

"It is settled that when one is totally or partially incapacitated for hard manual labor he is not to be denied compensation because he ob-

tains employment, even at better wages, at a task which he is physically able to perform." (p. 471.)

(See, also, *Gailey v. Manufacturing Co.*, 98 Kan. 53, 157 Pac. 431; *Dennis v. Cafferty*, 99 Kan. 810, 163 Pac. 461.)

Neither of the facts urged, nor both together, if proved, would relieve the defendants from paying to the plaintiff the compensation fixed by law. The petition did not state facts sufficient to compel the court to grant a new trial.

2. Did the court commit error in sustaining the plaintiff's motion to enforce the judgment? To answer this question all that is necessary to say is that, even after the plaintiff quit the employ of the defendants, they should continue the payment of $4 a week. The court, when the plaintiff and the defendants were before it in the present action, rendered the judgment that could have been rendered on the trial. It was not error for the court to make the order to enforce the judgment and to compel the defendants to pay the entire compensation at one time if they refuse at any time to make the payments.

The judgment is affirmed.