## No. 35,506

KATHERN BULGER, *Appellant*, v. GLENN WEST, WILLIS KELLY, J. RICHARDS HUNTER, F. R. DIMOND and W. E. BROOKS, as The Board of Trustees of the Firemen's Pension Fund of the City of Hutchinson, et al., *Appellees*.

## No. 35,507

MRS. J. K. BENNETT, *Appellant*, v. SAME DEFENDANTS, *Appellees*.

(125 P. 2d 404)

Opinion filed May 9, 1942.

*Max Wyman,* of Hutchinson, argued the cause, and *Erskine Wyman,* of Hutchinson, was on the briefs for appellant Bulger.

*John Fontron,* of Hutchinson, argued the cause, and *A. Lewis Oswald,* of Hutchinson, was on the briefs for appellant Bennett.

*J. Richards Hunter,* of Hutchinson, argued the cause, and *Walter F. Jones,* of Hutchinson, was on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, J.: These were two actions in mandamus brought in the district court against the trustees of the Firemen's Pension Fund and the directors of the Firemen's Relief Association to require the payment of a pension to plaintiffs. In each case the trial court sustained defendants' motion to quash the alternative writ, and the plaintiff has appealed. The actions raise the same legal questions, were consolidated in this court, and briefed and argued together.

In the Bulger case the motion for the writ and the writ alleged that plaintiff is the widow of C. E. Bulger, for twenty-six years a member of the fire department of the city of Hutchinson, who, when 62 years of age, was retired October 10, 1932, as being unfit for service on account of physical disability; that on the date of his retirement he applied to the directors of the Firemen's Relief Association for a pension or retirement pay of $90 a month, being one-half of his salary, which was granted. He continued to receive this retirement pay until his death on April 12, 1941. That three days later the plaintiff, as his widow, applied to the trustees of the Firemen's Pension Fund for a pension in the same amount; that this application was granted and she received the pay for one month, when it was discontinued and further payment refused by the trustees of the Firemen's Pension Fund and the directors of the Firemen's Relief Association. She alleged she was entitled to such pension and prayed for a writ requiring defendants to restore her to the benefits of the pension fund.

In the Bennett case plaintiff alleged she is the widow of J. K. Bennett, a member of the fire department of Hutchinson from March 25, 1909, to June 1, 1933, on which date he was retired as being unfit for service because of physical disability; that on June 10, 1933, he applied to the directors of the Firemen's Relief Association for a pension or retirement pay in the sum of $70 per month, being one-half of his salary; that the application was granted and he continued to receive such payments until his death, December 16, 1937; that soon thereafter the plaintiff, as his widow, applied to the trustees of the Firemen's Pension Fund and was voted a pension in the sum of $70 per month, which she continued to receive until June, 1941, when such payments were discontinued. She alleged she was entitled under the statute to receive this sum, and prayed for a writ

requiring defendants to restore her to the benefits of the pension fund.

To determine whether plaintiffs are entitled to the relief sought it will be necessary to consider two groups of statutes. The first is G. S. 1935, 40-1701 to 40-1707, being article 17 of our insurance code and bearing the general title "Firemen's Relief Fund." By chapter 257, Laws 1941, all of these sections, except the first, were amended in several details, none of which it will be necessary to notice. Briefly stated, these sections require insurance companies doing business in the city to make reports and pay, through the insurance commissioner, two percent of all premiums on policies written on fire and lightning within the city "to the treasurer of the Firemen's Relief Association of such city, said association to be composed of members of the fire department of such city and to be incorporated under the laws of this state." This fund may be invested in designated securities and "shall be held in trust and used as a fund for the relief of any member of the fire department of such city when injured or physically disabled in or by reason of the discharge of his duties as such, and for the relief of or the payment of gratuities to the widow or those dependent upon any member of such fire department who may be killed in the discharge of his duties as fireman, or who may die from the effect of injuries so received, or from disease contracted by reason of his duties as such, and for the payment of the necessary funeral expenses of any member of such fire department when killed in the discharge of his duties as fireman, or in the case of death resulting from the injuries so received or disease contracted by reason of his duties as such, or for the purchase of life, accident and health insurance upon the members of such fire department, and for the further purpose of paying a pension to members of full-paid fire departments who are unfit for service after having served for a period of not less than twenty years on the department, such pension not to exceed in amount one-half of the monthly salary at the date of retirement." The pensions received by the husbands of plaintiffs were paid by the Firemen's Relief Association out of the funds provided for by this statute. These statutes make no provision for the payment of a pension to the widow of a fireman who had been retired, paid a pension from the fund, and thereafter died. Counsel for appellants in this court do not seriously contend their clients are entitled to a pension from this fund.

The other statutes necessary to be considered are G. S. 1935, 13-758 to 13-767. These sections, as originally enacted (Laws 1935, ch. 119, effective May 15, 1935), authorized the municipal authorities to create a firemen's pension fund, and by chapter 128, Laws 1937, effective June 30, 1937, this was made mandatory. The trustees of the fund consist of the mayor, the chief officer of the fire department, and two delegates at large from the fire department. Sections 13-762 and 13-766 were further amended by chapters 124 and 125, Laws 1941; one provision of it will be noted later. By these statutes the fund is created by a tax levy upon all the taxable property within the city and by small payments required by members of the department. The statute provides that any member of the fire department who, while engaged in the performance of his duties as a fireman, is permanently disabled and upon examination by a physician or physicians appointed by the board of trustees and paid by them, be found to be physically or mentally disabled as a result of such permanent injuries or disability so as to render him unfit for his duties as a fireman, shall be entitled to be retired and to be paid the sum monthly of one-half of his monthly salary:

"Or any officer or member of the fire department more than fifty years of age, and having served twenty years, or more, in such fire department, of which the last two years shall have been continuous, or has been retired because of disability, may make application to the board of trustees to be placed on the pension list and, upon such application being granted, the board of trustees shall pay monthly to such member so retired a sum equal to fifty percent of the salary or wages such officer or member was receiving at the time of his retirement or disability, and in the event of the death of such officer or member of the fire department either while in service or while retired, leaving surviving him a widow, such monthly payment which such retired officer or member was receiving or would be entitled to at the time of his death shall be paid to her during the remainder of her life, in the same manner as it was paid to such deceased officer or member of the fire department during his retirement. *Provided,* That any widow of any officer or member of the fire department who shall become entitled to the pension under the provisions of this act shall be the wife of said pensioner at the time he is pensioned, or at the time he is killed in service, and she shall forfeit all her rights under this act in case she remarries." (Laws 1941, ch. 124, § 1.)

The first legal question necessary to be determined is whether the statutes last referred to (G. S. 1935, 13-758 to 13-767) are applicable to appellants; or, indeed, whether they would have been applicable to their husbands had they applied for a pension under those statutes. It will be noted that the statute was first effective in its per-

missive form on May 15, 1935, and its mandatory form on June 30, 1937. The record does not disclose whether the city of Hutchinson acted under the earlier of these statutes, or under the later ones. In any event, the earliest date the statutes were effective to the city of Hutchinson was on May 15, 1935. The husband of each of the appellants had been retired from the fire department prior to that date—Bulger on October 10, 1932, and Bennett on June 1, 1933. Neither of them had applied for a pension under these statutes. Their applications had been made to the Firemen's Relief Association and their pensions had been paid under G. S. 1935, 40-1701 to 40-1707. The general rule is that a statute is operative only in the future from the time it is enacted and made effective; that it has no retroactive effect unless the language of the statute clearly indicates the legislature so intended it. (*Douglas County v. Woodward,* 73 Kan. 238, 84 Pac. 1028; *State, ex rel., v. Public Service Comm.,* 135 Kan. 491, 11 P. 2d 999; *International Mortgage Trust Co. v. Henry,* 139 Kan. 154, 30 Pac. 311; *State, ex rel., v. Good,* 142 Kan. 434, 49 P. 2d 633, and authorities there cited.) We find nothing in the statute (G. S. 1935, 13-758 to 13-767) which clearly indicates that it was to be effective with respect to firemen who had been retired prior to its effective date. Appellants point to the language in G. S. 1935, 13-762, "or has been retired because of disability," and argue that the use of this language indicates the legislature intended to have the statute available to any and all firemen who had been retired at any time before the effective date of the statute. We deem this construction of the language untenable, for it was followed by the language, "may make application to the board of trustees to be placed on the pension list and, upon such application being granted, the board of trustees shall pay," etc. As previously stated, neither Bulger nor Bennett made such an application to the trustees of this fund, and the fund clearly was one to be raised in the future. It is quite possible that on the effective date of this act there may have been a number of persons living who at some time in the past had been retired as firemen, and that the payment of pensions to all such persons would aggregate a substantial sum. Certainly the legislature, by the use of the language relied upon by appellants, did not contemplate that all persons then living, who at any time in the past had been retired as firemen, should be entitled to the benefits of the fund.

Counsel for appellants argue that the statutes relating to these two funds providing for pensions for firemen (G. S. 1935, 40-1701 to 40-1707, and 13-758 to 13-767) should be construed together as though they constitute one enactment. This view is prohibited by G. S. 1935, 13-767, which makes it clear that the sections, 13-758 to 13-766, constitute an independent act which does not repeal or amend any other statute relating to firemen's pensions. Decisions from other states cited by appellants, holding certain statutes of the respective states relating to pensions for city officers or employees should be construed together, necessarily interpret the statutes of those particular states. They are not applicable here in view of the section of our statute last referred to. It is argued on appellants' behalf that to construe these statutes separately would result in making it possible for retired firemen to receive a pension from each of the funds. While our tentative notion is this point is not well taken, the record before us does not present a case in which we are called upon to decide it, and nothing said in this opinion should be so construed. Our conclusion is that G. S. 1935, 13-758 to 13-767, were never designed to have retroactive application, and that they were not available to the husbands of appellants, who had retired prior to the effective date of the statute, and of necessity are not available to appellants.

Appellants call our attention to chapter 124, Laws 1941, amending G. S. 1935, 13-762, which added this proviso:

"That any employee or officer of such fire department who has been retired under the provisions of sections 40-1701 to 40-1707, both sections inclusive, of the General Statutes of 1935 and amendments thereto, may, when the board of trustees of the firemen's pension fund deem it advisable, be transferred and pensioned under the firemen's pension fund and receive the benefits thereunder as provided by law."

We first note that this proviso refers to retired firemen, not to their widows. But what is more important, so far as these cases are concerned, the action of the trustees of the Firemen's Pension Fund under this proviso is discretionary with them. Discretionary duties of officials cannot be commanded by mandamus in the absence of a showing of fraud or other misconduct of such officials, none of which is alleged or claimed to exist here. (See *Bohan v. Sumner County Comm'rs*, 131 Kan. 87, 91, 289 Pac. 436, and authorities there cited.)

While some other questions are argued, in view of our conclusions above stated it will not be necessary to consider them.

The judgment of the court below is affirmed.