No. 36,228

Wesley John Ellis, *Appellee*, v. Kroger Grocery & Baking Company; *Appellant.*

(152 P. 2d 860)

Opinion filed November 4, 1944.

*Lawrence M. Walker,* of Pittsburg, and *A. Harry Crane,* of Topeka, argued the cause, and *F. H. Richart,* of Joplin, Mo., was on the briefs for the appellant.

*Sylvan Bruner* and *Pete Farabi,* both of Pittsburg, argued the cause for the appellee.

The opinion of the court was delivered by

Wedell, J.: This action was brought in the district court to obtain a lump-sum judgment covering all past and future weekly installment payments provided for in a judgment previously rendered in a workmen's compensation case. Plaintiff, the workman, prevailed and defendant, the employer, appeals.

The instant action was brought pursuant to a 1943 law which became effective after the judgment of the district court in the com-

pensation case had been rendered. Appellant contends the legislature did not intend the law should operate retroactively but prospectively and challenges its validity if it be held to apply retroactively. Appellant also contends that if the 1943 law authorizing an action for a lump-sum judgment be held valid as to a judgment for compensation previously rendered, then the judgment rendered in the instant case cannot stand by reason of certain trial errors.

The workman was injured May 7, 1942. Both parties appealed from the award of the commissioner. On March 23, 1943, the district court rendered its judgment, the pertinent portion of which reads:

"It Is Therefore, by the Court, considered, ordered, adjudged and decreed that the claimant is awarded compensation for permanent total disability against the respondent, Kroger Grocery and Baking Company, self-insurer, for a period of four hundred fifteen weks at the rate of $16.50 per week, that compensation now due and owing for Forty-four and 5/7 (44 5/7) weeks from May 14, 1942, one week after claimant's said accidental injury, to and including the 23rd day of March, 1943, or Seven hundred and thirty-seven and 80/100 ($737.80) dollars, should be paid in one lump sum less the amount of compensation heretofore paid in the sum of $247.50, leaving a balance due of $490.30. That the balance of the compensation awarded herein shall be paid at the rate of $16.50 per week until fully paid or until further order of this Court or the Workmen's Compensation Commissioner of the State of Kansas."

The entire statute upon which the instant action is based (Laws 1943, ch. 189; G. S. 1943 Supp. 44-512a), including its title, reads:

"An Act relating to workmen's compensation.
*"Be it enacted by the Legislature of the State of Kansas:*
"Section 1. That if any compensation awarded, agreed upon or adjudged under the provisions of the workmen's compensation act of this state or any installment thereof shall not be paid to the employee or other person entitled thereto when due, and service of written demand for payment has been made personally or by registered mail on the person, firm or corporation liable to pay the same, payment of said demand is thereafter either refused or not made within two weeks from the date of service of said demand, then the entire amount of compensation awarded, agreed upon or adjudged shall become immediately due and payable and said employee or other person entitled to said compensation may maintain an action in any court of competent jurisdiction for the collection thereof in like manner as for the collection of a debt. The remedies of execution, attachment, garnishment or any other remedy or procedure for the collection of a debt now provided by the laws of this state shall apply to such action and also to all judgments entered under the provisions of section 44-529 of the General Statutes of 1935; *Provided,* No exemption granted by any law shall apply except the homestead exemption granted and guaranteed by the constitution of this state.

"Sec. 2. This act shall take effect and be in force from and after its publication in the official state paper."

The statute became effective March 24, 1943, one day after rendition of judgment in the compensation case. The last weekly compensation payment under the judgment was made November 2, 1943, to and including November 9.

On November 29, 1943, the attorney for appellee sent a letter by registered mail to the attorney for appellant which was as follows:

"NOVEMBER 29, 1943

"Mr. F. H. Richart,
"Attorney-at-Law,
"Joplin National Bank Building,
"Joplin, Missouri

"*In re:* Wesley John Ellis vs. Kroger Grocery and Baking Company, in the District Court of Crawford County, Kansas, Sitting at Pittsburg. Case No. 15750.

"Dear Mr. Richart:

"As the attorney of record for the above Claimant, Wesley John Ellis and in claimant's behalf, I am requesting that you please forward to claimant the unpaid installments of compensation awarded and adjudged to claimant by the District Court of Crawford County, Kansas, in the above entitled cause, now due and accumulated and will you also have the Respondent, Kroger Grocery and Baking Company continue to forward to Claimant compensation installments and payments awarded and adjudged to Claimant by the District Court of Crawford County, Kansas, in the above entitled cause as they become due and accrued. "Very truly yours,

"SYLVAN BRUNER."

A signed copy of the above letter was sent by registered mail to the local store of appellant at Pittsburg, Kan. Both letters were received by the addressees on November 30, 1943. No compensation was received from appellant by appellee within two weeks from November 30, 1943. On December 17 counsel for appellant wrote counsel for appellee a letter enclosing four checks covering weekly payments from November 10 to and including January 4, 1944. The checks were promptly returned with the advice that since compensation was not paid as required by law appellee had filed an action for a lump-sum judgment on December 16.

On March 21, 1944, appellant filed an offer to allow judgment to be taken against it in the sum of $87.21. On the same date it tendered to appellee the sum of $318.21 in cash. These tenders were both refused. On March 22, 1944, appellant filed an application before the commissioner of workmen's compensation for a review and modification of the award. On April 6 appellant requested appellee

to submit to a physical examination. On April 27 appellant again made a request for examination on May 3 or 5. The requests were refused. Evidence of such requests were offered at the trial by appellant but were excluded. Appellee entered a special appearance before the commissioner and objected to a review on the ground the instant action was pending in the district court and that the commissioner had no jurisdiction to entertain a hearing for review and modification of the award. He also alleged sufficient notice was not given for the hearing before the commissioner. On April 27, 1944, the commissioner declined to act on the ground he was without jurisdiction while the instant case was pending for the purpose of determining whether G. S. 1943 Supp. 44-512a was applicable to this case. The commissioner also advised that the hearing before him for review and modification was then set for May 22, and that it was his opinion that when appellee's motion came on for hearing on that date it should be sustained and the hearing continued until the instant case was disposed of in the district court. This ruling was forwarded to the examiner and copies thereof were sent to attorneys for the respective parties. At the beginning of the trial on May 6 appellant tendered to appellee in court $421.93, the amount due to that date under the compensation award. The tender was refused. Judgment for a lump sum was rendered May 16, 1944. Three days later, May 19, 1944, the commissioner, apparently having reached a different conclusion on the subject of his jurisdiction, set the hearing for review at Pittsburg for June 26, 1944, and so advised the examiner and counsel for the respective parties. The last order of the commissioner was later offered as one of the grounds for a new trial. Appellant's application for a review before the commissioner had been offered in evidence at the trial, but it was excluded. Appellant's motion for a new trial was overruled.

This brings us to a consideration of the legal questions involved. Appellant contends the trial court erred in overruling (1) its motion for judgment on the pleadings; (2) its objections to the introduction of any evidence; (3) its demurrer to appellee's evidence; and (4) its motion for a new trial.

Two fundamental legal questions are involved in each of the first three contentions. They will receive our first attention. Thereafter the subject of alleged trial errors will be treated. The basic legal questions involved are, first, whether the 1943 lump-sum-judgment law was intended to apply to a judgment previously rendered but in

which default in the payment of compensation installments was made after the enactment of the new law, and second, if the new law is held to be applicable is it retroactive in character and therefore invalid on the ground it interferes with vested rights.

It is true, as appellant contends, that ordinarily statutes are designed to operate prospectively rather than retroactively and will not be given the latter effect unless it clearly appears they were intended to so operate. (*Bank Savings Life Ins. Co. v. Baker,* 120 Kan. 756, 244 Pac. 862; *International Mortgage Trust Co. v. Henry,* 139 Kan. 154, 30 P. 2d 311; *Beeler & Campbell Supply Co. v. Warren,* 151 Kan. 755, 100 P. 2d 700.) It is also true that when a retrospective construction of a statute will disturb vested rights or impair the obligation of an existing contract, it will not be given unless the wording of the statute makes such construction imperative. (*Bank Savings Life Ins. Co. v. Baker,* supra.)

Was the new law intended to apply to the instant case? Judgment in the compensation case was rendered March 23, 1943. The new law became effective March 24, 1943, but appellant's default under the former judgment did not occur until November 10, 1943. The 1943 statute, previously quoted, embraces ". . . *any* compensation awarded, agreed upon or adjudged . . . or *any installment* thereof . . . when due . . ." The legislature undoubtedly understood at the time it enacted the new law that installments of compensation would be falling due in the future under numerous compensation judgments previously rendered. It will be noted no exception was made with respect to future installments due and payable under judgments previously rendered. The general language employed without the remotest indication of any exceptions leads us to conclude the legislature must have intended to cover installment payments which were to become due and payable in the future irrespective of whether the judgment was rendered before or after the passage of the 1943 law. There are cases in which the various provisions of a law, when construed together as they must be, render untenable the interpretation we have given to the word "any" in the instant case. An example is found in the recent pension case of *Bulger v. West,* 155 Kan. 426, 430, 125 P. 2d 404. The difficulty encountered in that case with the interpretation of the word "any" does not exist in the instant case. In concluding the new law was intended to apply to installment payments which became due and payable after the effective date of the new law we are

not applying the new law retroactively but prospectively with respect to defaults in the payment of such installments.

Does such interpretation of the law infringe upon appellant's vested rights? Appellant asserts it does in various respects. All of its contentions are bottomed on the proposition that where parties are within the compensation act, as it is agreed they are in this case, the *substantive* rights of the parties are determined by the law in effect on the date of the workman's injury. That contention is sound. (*Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784; *Workman v. Kansas City Bridge Co.,* 144 Kan. 139, 58 P. 2d 90; *Baker v. St. Louis Smelting & Refining Co.,* 145 Kan. 273, 65 P. 2d 284.) The question here, however, is whether the new law is *remedial* in character, that is, whether it merely provides a method or procedure for the collection of future installments in the event appellant refuses to comply with the terms and requirements of the existing judgment.

Appellant contends it disturbs substantive rights. It claims it had the right to pay the installments as they became due and payable under the terms of the previous judgment and that in case of default in such payment appellee could collect only the amount of installments due at the particular time. (*Palmer v. Fincke,* 122 Kan. 825, 253 Pac. 583; *Trunkey v. Johnson,* 154 Kan. 725, 121 P. 2d 247.) The new law did not disturb appellant's vested right to pay the installments according to the terms of the previous judgment if he complied therewith. It did not render all future installments due and payable in the event of default in the payment of any of them. It provided only for the maturity of all future installments in the event appellant failed to pay the installments already due within two weeks after statutory demand was made for their payment. While the new law provided the workman an additional or supplemental remedy for the collection of an existing judgment in the event of the employer's default it did not deprive the employer of his vested rights, but left it wholly optional with the employer whether he would protect his vested rights by complying with the terms and requirements of the judgment previously rendered against him. In other words, under the new remedy the employer had the choice of protecting his vested rights by merely complying with the judgment by which he was bound until modified, or to permit the workman to invoke the new remedy for the collection of all future installments.

In view of what has been said we think the statute was remedial

in character and deprived appellant of no vested right. A statute which merely changes a remedy is not unconstitutional, although it is applied retroactively. (*State; ex rel., v. Public Service Comm.,* 135 Kan. 491, 503, 11 P. 2d 999; *Dobson v. Wilson & Co., Inc.,* 152 Kan. 820, 107 P. 2d 676.) Here the new remedy is being applied prospectively. In the Dobson case, *supra,* we had under consideration a new statute which lengthened the period from ninety to one hundred and twenty days within which a claim for compensation could be filed by the workman. The new law was enacted while compensation was being paid. More than ninety days elapsed between the last payment of compensation and the filing of the claim. If the old law applied the workman was not entitled to recover. We held the new statute did not affect the substantive rights of the parties but was procedural and remedial in nature. In that opinion it was said:

". . . the amendment did not alter the obligation in any manner, but affected only the remedy to be pursued by claimant if respondent defaulted in its obligation. There are no vested rights to any particular remedy. (See 12 C. J. 974 *et seq.;* 16 C. J. S. 678; 6 R. C. L. 359; 11 Am. Jur. 1201.)" (p. 823.)

Appellant asserts that if the new law is applicable it applies only to installments already due. What previously has been said herein disposes of that contention.

The new law is also challenged on the ground it is too vague and uncertain to determine its meaning and application. We think that contention lacks substantial merit.

Appellant also asserts the new law, if held applicable to the instant case, in effect amends various provisions of the compensation act in force when the judgment for compensation was rendered. It contends the new law deprives it of the right to apply for a redemption of ninety-five percent of the prospective payments under an award (G. S. 1935, 44-531); deprives it of the right of a review, modification or cancellation of an award (G. S. 1935, 44-528); deprives it of having compensation suspended if the employee refuses to submit to a medical examination (G. S. 1935, 44-518; 44-515); deprives it of the statutory prohibition against the rendition of a lump-sum award except as to compensation then due (G. S. 1935, 44-525); and deprives it of the statutory provision that in the event of death of the employee from independent causes the right to compensation shall terminate (G. S. 1935, 44-510 [23]). Appellant argues that since the new law in effect amends the above provisions of the com-

pensation law without mentioning the various sections so amended it violates article 2, section 16 of our constitution, which provides:

"No bill shall contain more than one subject, which shall be clearly expressed in its title, and no law shall be revived or amended, unless the new act contain the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed."

We think the contention is unsound. The new law disturbs no vested rights under the provisions of the statutes referred to by appellant. Those rights remain available to appellant so long as he complies with the terms and requirements of the judgment rendered against him. The new law is supplemental in character. It was intended to supplement existing remedies as indicated therein. It applies to a different state of facts from those embraced in the former provisions of the compensation act. Furthermore statutes which affect the amendment of existing laws by implication are not within the purview of article 2, section 16, of our constitution. (*Parker-Washington Co. v. Kansas City,* 73 Kan. 722, 85 Pac. 781; *Bank v. Pearce,* 76 Kan. 408, 409, 92 Pac. 53; *State v. Pauley,* 83 Kan. 456, 464, 112 Pac. 141.)

Appellant insists no demand for compensation after default was made as required by the new law. The facts pertaining to this demand have been stated previously herein and need not be repeated. It is appellant's contention the letter from counsel for appellee could not reasonably be interpreted as a demand but was rather in the form of a request. The statute does not say the word "demand" must be used. No particular form of demand is prescribed. The letter clearly indicated claimant wanted the employer to pay the compensation which was past due and payable. We think that was a sufficient compliance with that feature of the statute.

Appellant argues the demand was not served on any ". . . person, firm or corporation liable to pay the same. . . ." Under the statute service of the demand could be made personally or by registered mail. In this case service was by registered mail. One letter was sent to counsel for appellant who had represented appellant in the original compensation case and who was representing appellant in the instant case. Various payments of compensation, if in fact not all of them, had been made through his office for appellant. That included compensation which was tendered after the instant action was filed. A copy of the letter which was also served upon appellant's local store in Pittsburg contained the caption of the

former compensation case filed in the district court of Crawford county. In support of appellant's contention that the demand was insufficient it cites *Richardson v. National Refining Co.*, 136 Kan. 724, 18 P. 2d 131; *Baxter v. Chicago, R. I. & P. Rly. Co.*, 139 Kan. 443, 32 P. 2d 451; *Smith v. Sonken-Galamba*, 149 Kan. 693, 88 P. 2d 1114. Those decisions do not require us to hold the instant demand insufficient.

The provision of the compensation act must be liberally construed in favor of the workman with the view of effecting its purpose. (*Mendel v. Fort Scott Hydraulic Cement Co.*, 147 Kan. 719, 78 P. 2d 868; *Rupp v. Jacobs*, 149 Kan. 712, 718, 88 P. 2d 1102.) So construed and applied to the facts before us we have no doubt the purpose of the demand statute was accomplished. In this connection we also may note that appellant does not contend it was not fully apprised of the demand and that therefore it failed to pay the compensation within the statutory time.

Appellant complains of rulings excluding its evidence, (*a*) that the award was for an unscheduled injury; (*b*) of its application before the commissioner for review of the award; and (*c*) of its requests that appellee submit to a physical examination. These complaints may be treated together. The same district court previously had reviewed the transcript of the record in the original compensation case and rendered judgment therein. The journal entry of judgment had already been introduced in evidence by appellee. Additional evidence on that point was not essential. For the purpose of this appeal we have assumed and are now assuming the award was for an unscheduled injury and that ordinarily the award would have been subject to review and modification. In fact the judgment in the compensation case, previously quoted herein, conforms to that view. Here, however, the application for a review by the commissioner and the requests for physical examinations were all made after appellant had failed to comply with the demand for compensation under the new law and after the district court had acquired jurisdiction of the parties and subject matter in the instant case for a lump-sum judgment. The remedies mentioned in (*a*) and (*b*) above would have remained available to appellant had he seen fit to pay the installments, which were past due and payable, within two weeks after the service of the statutory demand. Appellant did not see fit to protect his rights under those remedies. Under these circumstances it did not constitute error to exclude the testimony in question.

In view of what previously has been said herein we need not give further consideration to the order overruling the motion for a new trial.

The judgment is affirmed.

WEDELL, J. (concurring in part and dissenting in part): I concur in the general principles of law stated in paragraphs 1, 2, 3 and 4 (c) of the syllabus and corresponding portions of the opinion but believe the first three paragraphs mentioned are inaccurately applied to the instant case. I dissent from parts (a) and (b) of paragraph 4 of the syllabus and corresponding portions of the opinion. My dissent from part (a) of paragraph 4 and corresponding portions of the opinion is upon the ground the statute is not *merely* remedial in character but also disturbs substantive and substantial vested rights under the Workmen's Compensation Act and express provisions of the judgment for compensation rendered prior to the effective date of the 1943 law.

The new law should not be retroactively applied. The manifest effect of the majority opinion is to apply the new law retroactively. That is the only way the majority decision can be reached. That is the only way appellant's rights as they existed under the prior law and the judgment in the compensation case can be impaired as they are by the majority decision. The 1943 law under our repeated decisions should not be interpreted as intended to have a retroactive effect. Retroactive legislation is never regarded with favor. Legislation is given a retroactive construction only when such intention is clearly and unequivocally expressed. (*Douglas County v. Woodward,* 73 Kan. 238, 84 Pac. 1028; *First Nat'l Bank v. Gray,* 151 Kan. 558, 561; 99 P. 2d 771; *Beeler & Campbell Supply Co. v. Warren,* 151 Kan. 755, 760, 100 P. 2d 700; *Bulger v. West,* 155 Kan. 426, 430, 125 P. 2d 404.) Presumptions are always against retroactive intentions unless they are clearly expressed. (*Gaston v. Clabaugh,* 106 Kan. 160, 186 Pac. 1023.) Where a statute is open to two interpretations, one of which would invalidate the law if retroactively applied and the other would uphold it, if prospectively applied, it should be given the latter construction if reasonably possible. (*International Mortgage Trust Co. v. Henry,* 139 Kan. 154, 165, 30 P. 2d 311.) These are only a few of our numerous cases to the same effect.

By means of the 1943 law the legislature clearly attempted to compel the prompt payment of all installments of compensation as they

became due and payable. That was a laudable purpose. It is not in harmony with the spirit and purpose of the compensation law to require a workman to expend further money to collect what already is justly due him under an award. The statute, however, should be prospectively and not retroactively applied. There is no clear legislative expression of intent that it should operate retroactively. Had the legislature intended it should so operate it could have so declared in plain and simple language. This it failed to do. The presumption and fair inference is it did not intend the new law should operate retroactively.

The majority opinion applies the 1943 law retroactively. So applied the law is invalid. It violates the due process clause of the fourteenth amendment to the federal constitution in that it impairs appellant's vested rights. This court carefully defined retroactive legislation in *International Mortgage Trust Co. v. Henry,* supra. What was there said at length need not be repeated here. That definition clearly discloses the 1943 law constitutes an impairment of appellant's vested rights in the instant case.

On the date of appellee's injury and when the judgment for compensation was rendered, appellant, under the existing law, had a right upon good cause shown to have a review and modification of the award at any time prior to final payment. (G. S. 1935, 44-528.) In *Dobson v. Apex Coal Co.,* 150 Kan. 80, 91 P. 2d 5, we held:

"The plan of the workmen's compensation law is for the payment of compensation during incapacity, and the implication is that compensation should cease when incapacity ends." (Syl. ¶ 3.)

It is definitely settled that the only limitation on appellant's right of review was final payment of the award. (*Calonder v. Freeto Construction Co.,* 155 Kan. 497, 501, 126 P. 2d 209.) Furthermore the right of appellant to have a review and modification of the award was an express and integral part of the prior judgment. Touching the future installment payments the judgment provided:

"That the balance of the compensation awarded herein shall be paid at the rate of $16.50 per week until fully paid or until further order of this Court or the *Workmen's Compensation Commissioner of the State of Kansas."* (Emphasis supplied.)

No appeal was taken from the judgment which recognized and protected the right of review and that provision in the judgment became a finality. The 1943 law could not destroy vested rights under the prior judgment. (*Kansas City Life Ins. Co. v. Anthony,* 142 Kan. 670, 52 P. 2d 1208 [Kansas mortgage moratorium case].)

Moreover under the law which obtained prior to the 1943 statute appellee could not have collected future and unmatured installments of compensation in the event appellant defaulted in some of the weekly payments. Appellee could have collected only such installments as were due and payable. The reason is obvious. Under the award appellant had the right to pay the weekly installments over a period of approximately eight years. Future installments did not become debts until they matured and hence could not be collected before their maturity. (*Trunkey v. Johnson*, 154 Kan. 725, 121 P. 2d 247; 71 C. J. 1428, § 1380.) It is therefore clear the 1943 law did not constitute *merely* a remedy. Retroactively applied it operated upon and disturbed appellant's vested rights. It converted unmature installments into present debts. It required appellant to pay at once what he was not required to pay presently but had a right to pay over a period of 415 weeks. The new law, therefore, operated upon substantive rights and it cannot be said to be merely remedial in character. Had appellee, prior to the 1943 law, sued appellant for all past due and unmatured installments appellant would have had a valid defense to the action with respect to the latter installments. In a well-reasoned opinion in *State, ex rel., v. Public Service Comm.*, 135 Kan. 491, 502, 11 P. 2d 999, this court quoted with approval from a Mississippi case, as follows:

" 'The legislature has no power . . . [to] . . . destroy a valid defense to an action existing before the enactment of the statute.' (Syl. ¶ 4.)"

Under the majority opinion a similar law may be enacted and enforced retroactively to collect on orders for future and unmatured installments for child support, which orders remain subject to judicial review and modification. Similar laws could be retroactively applied to judgments for alimony due and payable in future installments at specified times and to a variety of other judgments. Such legislation impairs vested rights and cannot be upheld upon the theory it constitutes merely supplemental or remedial legislation.

The fundamental theory of the majority view is that appellant could have avoided the effect of the 1943 law by paying the installments as they fell due. That theory evades the issue. That is not the test of the validity of the 1943 law. The test is whether that law impaired appellant's existing legal rights and obligations. Of course, appellant should have paid the installments as they became due and payable. Its failure to pay them entitled appellee to have execution upon the judgment to the extent of the due and unpaid in-

stallments. Appellant's failure to pay the matured installments however did not, under the prior law, mature the installments which were not yet due. In the event appellee deemed himself insecure he also might have made application for and, upon a proper showing of insecurity, obtained a lump-sum award of ninety-five percent of the total award. (G. S. 1935, 44-529.) But under no provision of the compensation law was appellee entitled to enforce full payment of installments not yet due.

Prior to the 1943 law appellant also had the right to redeem the entire award, after having made payments thereon for six months, by paying ninety-five percent thereof in a lump sum. (G. S. 1935, 44-531.) That right was destroyed by the new law. It is unnecessary to pursue appellant's contentions with respect to other vested rights which he claims were impaired.

While there are no vested rights in a mere remedy it was early definitely established that a remedy which impairs vested rights is invalid. (*Watkins v. Glenn,* 55 Kan. 417, 40 Pac. 316.) We consistently have applied that rule. (*State, ex rel., v. Public Service Comm.,* supra.) Many other cases of this court might be cited. See, also, *Bucher v. Fitchburg Railroad,* 131 Mass. 156; *Arnold & Murdock Co. v. Industrial Com.,* 314 Ill. 251, 145 N. E. 342, 40 A. L. R. 1470, Anno. p. 1473; *Wangler Boiler Co. v. Indus. Com.,* 287 Ill. 118, 122 N. E. 366; *Travelers Ins. Co. v. Ohler,* 119 Nebr. 121, 227 N. W. 449; *Preveslin v. Derby & Ansonia Developing Co.,* 112 Conn. 129, 151 Atl. 518, 70 A. L. R. 1426; *Seibert v. Lewis,* 122 U. S. 284, 30 L. Ed. 1161.

Appellee relies upon *Lombard v. Planing Mill Co.,* 102 Kan. 780, 172 Pac. 32, as authority for the rendition of a lump-sum judgment before the 1943 law was enacted. The case is not in point. That case was decided prior to the enactment of G. S. 1935, 44-525 which prohibits lump-sum awards in compensation cases, except as to such compensation as shall be found to be due and unpaid at the time of the award. Moreover the parties in the Lombard case jointly requested the court to fix the amount of the judgment which defendant should pay into court to satisfy the judgment previously rendered.

In view of the majority decision it is unnecessary to treat the subject of alleged trial errors in this opinion.

THIELE, J., concurs in the foregoing dissenting opinion.