No. 43,252

CLEO H. WARD, *Appellant*, v. MARZOLF HARDWOOD FLOORS, INCORPORATED, and FEDERATED MUTUAL IMPLEMENT AND HARDWARE INSURANCE COMPANY, *Appellees*.

(378 P. 2d 80)

Opinion filed January 26, 1963.

*Murvyl M. Sullinger*, of Pittsburg, argued the cause, and *Tom Boone*, of Leavenworth, was with him on the briefs for the appellant.

*J. Donald Lysaught*, of Kansas City, argued the cause, and *J. E. Schroeder, Lee E. Weeks, Leonard O. Thomas, Richard Millsap, Robert H. Bingham, Ervin G. Johnston* and *Miles D. Mustain*, of Kansas City, were with him on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from a judgment of the district court of Leavenworth county denying claimant (appellant) Cleo H. Ward's request for a review before the director of workmen's compensation of an award by an examiner.

Insofar as pertinent to the question involved in this case, claimant, while in the employ of Marzolf Hardwood Floors, Incorporated, respondent (appellee), met with an accidental injury arising out of and in the course of his employment on October 25, 1960. Claimant filed his claim for compensation on February 16, 1961; hearings were held before an examiner; and on October 19, 1961, the examiner filed his award in the office of the director of workmen's compensation, and the director, on the same day, approved the award.

On October 27, 1961, claimant filed his written request for a review by the director of the award made by the examiner. Claimant's application for a review was denied by the director on January 17, 1962. From this order claimant appealed to the district court, which sustained the order of the director, and it is from this judgment that claimant appeals to this court.

G. S. 1961 Supp., 44-549, in effect at all time, provides in pertinent part that all hearings upon all claims for compensation under the act shall be held by the commissioner or examiner, and the award of the examiner when filed in the office of the commissioner shall be deemed to be the award and decision of the commissioner.

At the time the proceedings in this case were commenced by claimant on February 16, 1961, G. S. 1959 Supp., 44-551, was in effect and provided in pertinent part:

"The commissioner may appoint not to exceed six (6) examiners . . . and under the direction of the commissioner any such examiner may conduct an investigation, inquiry, or hearing in the same manner and with like effect as if done by the commissioner and all acts, findings, awards, decisions, rulings or modifications of findings or awards made by such examiner, *shall be subject to review and approval* by the commissioner. . . ." [Emphasis supplied.]

The award of the examiner was made and filed with the director of workmen's compensation on October 19, 1961, after the aforementioned statute had been amended by G. S. 1961 Supp., 44-551, which became effective June 30, 1961. The pertinent part of the statute, as amended, reads:

"The director may appoint not to exceed six (6) examiners . . . and under the direction of the director any such examiner may conduct an investigation, inquiry, or hearing in the same manner and with like effect as if done by the director and all acts, findings, awards, decisions, rulings or modifications of findings or awards *made by such examiner, shall be subject to review and approval by the director upon written request of any interested party within ten (10) days and if no such request is made, then the director shall approve such actions, findings, awards, decisions, rulings or modifications of findings or awards of the examiner* and the filing of such a request for review shall not be a prerequisite to an appeal as provided for in section 44-556 of the General Statutes Supplement of 1959. . . ." [Emphasis supplied.]

The determinative question before this court is: Which law is to control, that of G. S. 1959 Supp., 44-551, in effect at the time the claimant's proceeding was commenced, or the amended law, G. S. 1961 Supp., 44-551, which became effective after the proceedings had been commenced but before the examiner made and filed his award with the director? Under the 1959 act the examiner's award did not become final until approved by the commissioner. Under the 1961 act, as amended, the award of the examiner becomes the award of the director unless within ten days after the filing of the same the aggrieved party makes a written request to review the examiner's award, and if no application for review is

made, at the expiration of ten days the award of the examiner becomes the award of the director. In the instant case the director approved the examiner's award on October 19, the same day on which the examiner filed his award. However, claimant timely filed his request for a review before the director. Under the statute it is obvious that the director was premature in his approval of the examiner's award, and such approval was a nullity inasmuch as the director could not cut off claimant's right to a review prior to the expiration of ten days from the filing of the examiner's award.

This is not the first instance in which this court has been confronted by a change made in the compensation act. The effect of a change made in the act on the rights of the parties was thoroughly considered in the case of *Ellis v. Kroger Grocery Co.*, 159 Kan. 213, 152 P. 2d 860, and *Pinkston v. Rice Motor Co.*, 180 Kan. 295, 303 P. 2d 197. From our decisions the rule is that amendments to the compensation act that are procedural and remedial in nature and do not prejudicially affect substantive rights apply to pending causes of action. In the instant case it cannot be said that the law, as amended, was a change in the substantive part of the contractual relation between the parties or that it disturbs or prejudicially affects existing rights and duties. Under the law, as amended, any interested party may have the award of the examiner reviewed by the director by submitting a written request for a review within ten days. The right to review still exists but it is optional with the parties whether or not they exercise that right by complying with the provisions of the statute. If they make no such request for review, then at the expiration of ten days from the filing of the examiner's award with the director such award becomes final. However, upon receipt of a request for review made by any interested party, the director is under the mandatory duty to review the award or decision of the examiner. The amendment (G. S. 1961 Supp., 44-551) was merely a change in procedural law by which the parties could have the award of the examiner reviewed.

In view of what has been said, we think the trial court erred in not holding that the claimant was entitled to a review on his timely application filed with the director. The judgment of the trial court is reversed with directions to remand the case to the director to proceed in accordance with G. S. 1961 Supp., 44-551, by granting claimant a review of the award of the examiner.

It is so ordered.