No. 43,714

RAMEE E. JOHNSON, *Appellant,* v. O. F. WARREN, d/b/a WARREN DRILLING Co., and MID-CONTINENT CASUALTY Co., *Appellee.*

(387 P. 2d 213)

Opinion filed December 7, 1963.

W. *Luke Chapin,* of Medicine Lodge, argued the cause and was on the brief for the appellant.

E. P. *Villepigue,* of Wichita, argued the cause, and I. H. *Stearns,* of Wichita, was with him on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is a workmen's compensation case.

An award was made for medical expenses. The legislature subsequently amended the statute by increasing the maximum amount allowable for that purpose.

The question presented is: Which statute applies—the one in force at the time of the injury—or the statute as amended? Stated another way—is the amendment to be given retrospective application?

The trial court held that the parties were governed by the statute in force at the time of the injury, and the workman has appealed.

Highly summarized—the facts are:

On January 11, 1960, the workman sustained a severe injury to his spine. On July 18, 1960, an award was entered for weekly payments not to exceed 415 weeks on the basis of temporary total disability. Claimant was in need of surgery, and the award further provided for payment of all medical expenses not to exceed $2,500 —such amount being the maximum provided for that purpose by the statute in force at the time of the injury. In August, 1960, claimant underwent a spinal fusion operation, but it was not successful. In May, 1962, a second operation was performed, but it also was unsuccessful. Medical expenses incurred in the two operations— and which were paid by the employer's insurance carrier—totalled $2,329.33.

In January, 1963, the attending physician recommended that claimant undergo a third operation. In March, 1963, claimant filed an application seeking a review and modification of the award previously entered which provided for payment of medical expenses not to exceed $2,500. The basis of the application was this:

Claimant was in need of a third operation. Medical expenses incurred in the two operations approached the sum of $2,500, leaving a balance insufficient to cover the expenses of another operation. In 1961 the statute providing for payment of medical expenses was amended by increasing the maximum amount allowable therefor to the sum of $4,000; that such increase in the limitation was procedural rather than substantive, and, therefore, claimant was entitled to be furnished medical treatment to the extent of $4,000.

The application was resisted by the insurance carrier—the contention being that the extent of its liability for medical expenses was $2,500—as provided by the statute in force at the time of the injury.

The director, in denying the application, ruled that the rights and obligations of the parties were fixed and governed by the statute in force at the time of the injury, and held that the $2,500 limitation applied.

The district court upheld and affirmed that order, and claimant has appealed.

Although it is conceded by claimant that the compensation act is a part of the contract of employment and that the furnishing of medical expenses to an injured employee is payment of compensation, it is contended that the contractual obligation of the employer is to furnish all reasonable medical, surgical and hospitalization expenses required by the circumstances of the case; that the entire act is to be liberally interpreted and applied to accomplish its recognized purpose in favor of the employee; that dollar amounts fixed by the act pertaining to medical expenses should be held to be remedial and procedural in nature rather than substantive; that remedial and procedural statutes or amendments are entitled to liberal construction and should be held to apply to proceedings pending at the time of their enactment; that it is reasonable to assume that the legislative intent in amending the statute in 1961 by increasing the maximum amount for medical expenses was that such increase should apply to existing claims, and therefore the district court erroneously held that the $2,500 limitation was applica-

ble.   In support thereof he cites the case of *Lahti v. Fosterling,* 357 Mich. 578, 99 NW 2d 490 (1959), as substantiating his position.

Consideration of applicable statutes and several of our decisions, however, convinces us that claimant's contentions are not sound, and that the judgment of the district court was correct.

G. S. 1949, 44-501, sets forth the "obligation" under the workmen's compensation act and provides:

"If in any employment to which this act applies, personal injury by accident arising out of and in the course of employment is caused to a workman, his employer shall, subject as hereinafter mentioned, be liable to pay compensation to the workman in accordance with the provisions of this act. . . ."

G. S. 1949, 44-535, in material part, provides: "The right to compensation shall be deemed in every case   .  .  .    to have accrued to the injured workman   .  .  .    at the time of the accident, . . ."

On January 11, 1960—the date of claimant's injury—G. S. 1959 Supp. 44-510, was in full force and effect.   In material part, it provides for hospitalization and medical expenses for an injured workman—"but the cost thereof shall not be more than twenty-five hundred dollars ($2,500);   .  .  .    No employer shall be liable for any medical, surgical or hospital treatment,  .  .  .    in excess of the amounts hereinbefore expressed.  .  .  ."

In 1961 the statute was amended—effective June 30, 1961, (G. S. 1961 Supp. 44-510).   Insofar as here material, the only change was to increase the limitation for medical expenses from $2,500 to $4,000.

The applicable statute providing for review and modification of an award (G. S. 1959 Supp. 44-528) states that an award may be modified—".  .  .    upon such terms as may be just by increasing or diminishing the compensation subject to the limitations hereinbefore provided in this act;  .  .  ."

The furnishing of medical aid to an injured employee is payment of compensation within the meaning of the compensation act. (*Owen v. Ready Made Buildings, Inc.,* 180 Kan. 286, 288, syl. 2, 303 P. 2d 168; *Shepherd v. Gas Service Co.,* 186 Kan. 699, 703, syl. 3, 352 P. 2d 48.)

The liability of an employer to an injured employee is a liability arising out of a contract between them, and the terms of the statute are embodied in the contract (*Leslie v. Reynolds,* 179 Kan. 422, 427, 295 P. 2d 1076); the injured employee must therefore recover upon the contract with his employer, and the cause of action accrues on the date of the injury.   (*Workman v. Kansas City Bridge Co.,* 144 Kan. 139, 141, 58 P. 2d 90; G. S. 1949, 44-535, above.)   Where par-

ties are under the compensation act their substantive rights are determined by the law in effect on the date of the workman's injury. (*Ellis v. Kroger Grocery Co.*, 159 Kan. 213, 218, 152 P. 2d 860, 155 A. L. R. 546.)

It has been held that amendments to the compensation act which are merely procedural and remedial in nature, and which do not prejudicially affect substantive rights of the parties, apply to pending causes. (*Ward v. Marzolf Hardwood Floors, Inc.*, 190 Kan. 809, 811, 378 P. 2d 80, and see syl. 3 of the Ellis case, above.) The general rule, however, is that a statute operates only in the future from its effective date; that it has no retrospective effect unless its language clearly indicates that the legislature so intended, and that retrospective application is not to be given where vested rights will be impaired. (*Bulger v. West*, 155 Kan. 426, 430, syl. 1, 125 P. 2d 404, and see syllabi 1 and 2 of the Ellis case, above.)

From the foregoing it is clear that claimant's cause of action for compensation accrued on the date of his injury. On that date the statute in full force and effect set a limitation of $2,500 for medical expenses. The respective rights and obligations of the parties became fixed on that date. The 1961 amendment, which raised the limitation of liability for medical expenses to the sum of $4,000, contains nothing to indicate an intention that it should be applied retrospectively. The amendment was not procedural and remedial in nature—but affected substantive rights of parties under the compensation act with respect to injuries sustained subsequent to its effective date.

As applied to the facts of this case, therefore, the employer and its insurance carrier were liable for the payment of medical expenses in an amount not to exceed the sum of $2,500. The district court was correct in so concluding, and the judgment is affirmed.