ERVIN, Acting Chief Judge,
specially concurring.
Had the request been made to defendants or their agent who had authority to act in regard to the request, I think the failure to comply with the request would meet the requirement that a plaintiff must first demand the return of property which has been lawfully placed in the possession of a defendant. Under the particular facts, I do not think an unequivocal demand was necessary since an action had previously been brought by appellant seeking damages for goods allegedly sold and delivered to the defendants. While the court held in favor of defendants on the breach of contract action, stating there was no meeting of minds as to the purchase of the plants, it nevertheless held that the plants remained the property of plaintiff. Defendants were aware of this finding, and neither party took an appeal from the judgment entered in the prior case. Given that additional fact, I think the request for the return of the plants, had it been properly conveyed to defendants, would have been sufficient. No particular formality is required in making ' a demand for the return of property. 18 Am.Jur.2d, Conversion, § 64 (1965). Moreover a request may, within a given context, be the equivalent of a demand. See Ellis v. Kroger Grocery and Baking Company, 159 Kan. 213, 152 P.2d 860 (1944).
The problem with the demand made by appellant is that the person to whom it was given had no authority to deliver the property to appellant. The demand was made to the attorney who represented the defendants in the breach of contract action. He had no right of control over the plants which were at the time of the demand located in another city. Before the principal may be held liable for the refusal of its agent to respond to a demand, it must be shown that the agent had either possession or authority to deliver App. 395 (1889); Hammond v. Du Bois, 131 Md. 116, 101 A. 612 (1917); Mount v. Derick, 5 Hill 455 (1843). I therefore concur in the affirmance.