No. 34,255

HOMER WEBB, *Appellant,* v. BRADEN & McCLURE DRILLING COMPANY and THE TRAVELERS INSURANCE COMPANY, *Appellees.*

(89 P. 2d 852)

Opinion filed May 6, 1939.

*C. A. Matson, I. H. Stearns* and *E. P. Villepigue,* all of Wichita, for the appellant.

*C. H. Brooks, Howard T. Fleeson, Carl G. Tebbe, Wayne Coulson* and *Paul R. Kitch,* all of Wichita, for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment setting aside an award of compensation in behalf of appellant who sustained injuries in an industrial accident in the service of a drilling company.

The accident occurred on May 18, 1934. Without the formality of a hearing before the compensation commission, his employer paid out $775.20 for medical and hospital care for its appellant workman. With more or less regularity the employer and insurance carrier, appellees, also paid weekly compensation to appellant at the rate of $18 per week until some time in October, 1935, a period of seventy weeks or more. At that time appellees suspended payments, whereupon appellant wrote two letters, dated December 2 and December 12, 1935. These letters were addressed to one Miss

Elsie Keehn, who was office woman for the drilling company and had charge of its compensation matters. In them appellant complained about appellees' failure to remit his compensation, and referred to their similar suspension of his.payments which had previously necessitated his complaining to the state compensation board, and stated that his former complaint had brought results, and—"I will expect *them birds* to pay me that compensation until I am able to go back to work and I want it at the end of each two *weekes* when it's due." These letters were mailed without being registered, but were duly received at the office of defendant and brought the demanded results—continuance of payments at $18 per week for about ninety-four weeks longer. The payments stopped in June, 1937, about the time the company physician reported that appellant was fit to return to work. He did return to work, and worked off and on, or tried to, until October 3, 1937, at which time he was finally discharged for "not being able to work."

At the time appellees suspended payments of compensation they had paid claimant a total of $2,952.85 over an aggregate period of 164 weeks.

On February 3, 1938, appellant instituted proceedings before the compensation commission to obtain compensation or a continuance of the compensation appellees had theretofore been paying him. All the pertinent facts were developed without controversy. The extent, duration and gravity of appellant's injuries were established. It was found that at the time of the hearing claimant was still suffering temporary total disability, and that he was entitled to compensation at the rate of $18 per week until the further order of the commission, but in no event to exceed the statutory maximum of 415 weeks. It was also found that $2,952.85 had already been paid to claimant as compensation at the rate of $18 per week and that a balance of $531.44 was due and should be paid to him in a lump sum.

On appeal the trial court found all the material facts substantially as found by the compensation commission, but set aside the award specifically and candidly on the single ground that the letters of December 2 and 12, 1935, demanding compensation were insufficient to constitute service of a written demand upon the employer because those letters had not been registered when they were mailed, although they were received by appellees and brought the desired

results, and were placed in the permanent office files of the drilling company as finished business.

The trial court's conclusions of law read:

"1. That claimant suffered personal injury resulting in temporary total disability.

"2. That Miss Elsie Keehn was the duly authorized agent of the respondent for the purpose of handling compensations, and to receive claims therefor.

"3. That the letters addressed by claimant to Miss Elsie Keehn, referred to in the foregoing findings, were sufficient, so far as their contents are concerned, to advise the respondent that claimant was claiming compensation as a result of his injury.

"4. That said letters were mailed and received within ninety days after the suspension of compensation, and no further claim, insofar as the contents of said letters were concerned, was necessary.

"5. The letters constituting the written claim for compensation as required by G. S. 44-520a, were not served upon the respondent or his duly authorized agent in either of the manners provided by that section."

Was this judgment correct?

The single obstacle to the enforcement of plaintiff's claim for compensation, or, to speak more exactly, the balance of plaintiff's claim for compensation—for he has already collected three-fourths ·of it—is that when he mailed his written protests against defendants' inexcusable suspension of his payments and his demand for their continuance, he failed to register his letters of December 2 and 12, 1935, as the statute directs.   (G. S. 1935, 44-520a.)   The legislative purpose of requiring a written demand for compensation and that if such demand is sent through the United States mails it should be registered has been expounded by this court.   (*Klein v. McCullough,* 135 Kan. 593, 11 P. 2d 983; *Baxter v. Chicago, R. I. & P. Rly. Co.,* 139 Kan. 443, 447-448, 32 P. 2d 451.)   Shortly and bluntly stated, that purpose was to eliminate as far as possible all controversy as to whether such written demand had been made and as to the time it was made.   The registered mail service of the government is admirably adapted to effectuate that purpose.   Confronted by the evidence available through the registered postal service, the employer and insurance carrier could scarcely deny the receipt of the written demand nor the time such demand was received.   On the other hand, if the claimant had not in fact served such written demand, or had not made it within the statutory time, the courts would not be asked to listen to oral testimony manufactured to fit the exigencies of claimant's predicament.   But in the' instant case the circumstances did not furnish an opportunity for either claimant

to establish or for defendants to defeat this claim by perjured testimony. The written demand was received, two of them in fact; they were timely. Those demands effected their purpose. They induced appellees to continue claimant's demanded compensation for another year and a half. How, then, can this court give countenance to a denial of further compensation to this workman under such circumstances? The compensation act, as we have often said, is remedial in its purposes, and is to be liberally construed to effectuate them. (*Roper v. Hammer,* 106 Kan. 374, 187 Pac. 858; *Palmer v. Kincke,* 122 Kan. 825, 253 Pac. 583.) In *Mendel v. Fort Scott Hydraulic Cement Co.,* 147 Kan. 719, 78 P. 2d 868, it was said:

"It must always be remembered that the provisions of the compensation act must be construed liberally with a view of protecting the workmen, where that is reasonably possible, and not strictly with the view of defeating such protection." (p. 732.)

See, also, 71 C. J. 242 *et seq.;* id. 351 *et seq.*

Appellees cite the case of *Breedlove v. General Baking Co.,* 138 Kan. 143, 23 P. 2d 482, where it was held that there was no presumption of delivery of a letter intended to serve as a written demand for compensation where the letter was not registered as prescribed by the statute. Later cases to the same general effect are also cited by appellees. We adhere to those decisions. If there was a disputed issue of fact concerning delivery of the requisite timely written demand for compensation, the rule stated in those cases would be applicable and controlling. Here, however, there was no such issue; and in our judgment it would be a travesty on justice to withhold the compensation to which the claimant is entitled on the extremely narrow and technical ground on which appellees seek to evade its further payment.

The judgment is reversed and the cause remanded with instructions to enter judgment on the award allowed to appellant by the compensation commission.