No. 45,061

Carl K. Shinkle and The Kansas Second Injury Fund, *Appellees,* v. Kansas State Highway Commission and Carriers Insurance Company, *Appellants.*

(434 P. 2d 836)

Opinion filed December 9, 1967.

*Warren R. Southard,* of Wichita, argued the cause, and *Walter A. Sawhill,* of Wichita, was with him on the brief for appellants.

*George E. McCullough,* of Topeka, argued the cause, and *W. L. Parker, Jr., Robert B. Wareheim, Reginald LaBunker* and *James L. Rose,* of Topeka, were with him on the brief for Carl K. Shinkle, appellee. *Frank C. Sabatini,* of Topeka, was on the brief for The Kansas Second Injury Fund, appellee.

The opinion of the court was delivered by

Fatzer, J.: This appeal presents the question whether a written request for review of a workmen's compensation award filed within the period prescribed by K. S. A. 44-551, is essential to confer jurisdiction upon the director of workmen's compensation to review the award.

The facts are not in dispute.

On July 7, 1966, the examiner of workmen's compensation entered an award on behalf of the claimant-appellee and The Kansas Second Injury Fund-appellee, and against the respondent-Kansas State Highway Commission and the Carriers Insurance Company, appellants.

On July 8, 1966, the workmen's compensation award was filed with the director of workmen's compensation. No written request for review of the award was filed with the director by the respondent or the insurance carrier within ten days as provided in 44-551.

Thereafter, on July 18, 1966, and pursuant to 44-551, the director entered his formal order approving the award.

On July 21, 1966, the director sent notice to counsel for all the parties, advising that a hearing on an application for review would be heard in Wichita on August 9, 1966. At that hearing, the claimant challenged the jurisdiction of the director to hear the review on the grounds a written request for a director's review had not been filed or received by the director within the 10-day period, and that the director had issued his order affirming the award of the examiner on July 18, 1966.

At the hearing on August 9, 1966, counsel stipulated that no written request for review had been filed, but that counsel for appellants had made an oral request for a review by a telephone call to the director in Topeka on Saturday, July 16, 1966. Later, during the hearing, the stipulation that no written request for review had been made was withdrawn. The director took the matter under advisement.

Thereafter, and on August 16, 1966, the director received a letter from counsel for the appellants which had attached a copy of an affidavit executed by a secretary in his law office, which stated that on July 18, 1966, she placed in United States mail in an envelope addressed to the workmen's compensation director at his office in Topeka, a "notice of appeal" pertaining to the instant case.

All of the parties concede that neither the claimant, nor the Second Injury Fund, nor the workmen's compensation director ever received a copy of the "notice of appeal" purportedly mailed on July 18, 1966.

Thereafter, on a date not disclosed by the record, counsel for the claimant filed an application with the director for a formal hearing

and demanded the right to cross-examine counsel's secretary upon her affidavit of mailing the notice of appeal on July 18, 1966. The Second Injury Fund joined in the application.

On September 26, 1966, a hearing was held in Topeka on the application to cross-examine the secretary affiant. The request was overruled, and the claimant and the Second Injury Fund refused to argue the merits of the case on rehearing, again asserting lack of jurisdiction of the director to hear the review.

On October 21, 1966, the director set aside his order entered on July 18, 1966, affirming the award of compensation made by the examiner, and made findings of law that a written request for review pursuant to 44-551 was unnecessary and that the claimant and Second Injury Fund's right to cross-examine the affiant was rendered moot. On that date, the director found that the order of July 18, 1966, affirming the award of the examiner was inadvertently issued; that the same was of no force and effect by reason of an oral request for a director's review having previously been made with the director, and that the matter had not been decided upon review. On the same date, the director found that the award entered by the examiner on July 7, 1966, should be affirmed.

On November 1, 1966, the respondent and the insurance carrier filed a notice of appeal to the district court from the director's order of October 21, 1966, affirming the award of compensation.

On November 25, 1966, the claimant and the Second Injury Fund filed a joint motion to dismiss the appeal to the district court for want of jurisdiction in that no timely notice of appeal had been filed by the respondent and insurance carrier within twenty days from July 18, 1966.

On January 16, 1967, the district court made findings of fact and rendered judgment sustaining the claimant and the Second Injury Fund's joint motion to dismiss the appeal. The findings of fact and conclusions of law read:

"1. The District Court has no jurisdiction over this appeal in that respondent and its insurance carrier made no written request for a Director's review within the ten days as required by Kansas Statutes Annotated 44-551 and the Director entered his order approving said award on the 18th day of July, 1966, adopting the Examiner's findings.

"2. That there was a purported attempt to review the award by the Director, who was without jurisdiction, based upon his findings that he received an oral request for a review within the ten days; that said oral request was insufficient as a matter of law to confer jurisdiction upon the Director.

"3. That the original award of the Examiner was approved on July 18, 1966, and the respondent's notice of appeal was not filed until November 1, 1966, more than twenty days after the award was entered by the Director.

"4. The Director's finding that he had jurisdiction to hear the matter on review on an oral request was without statutory basis and the Director is reversed upon this finding.

"5. The Court finds that if the affidavit of the respondent and insurance carrier's attorney be true, assuming that it was a written request for a Director's review, it was not done within time as it was not mailed until the 18th day of July, 1966, and written request must be received by the Director on July 18, 1966, the final day, and not placed in the mail on July 18, 1966.

"6. It is further found that the award of the Director approving his Examiner's award, which the Director issued on the 18th of July, 1966, is the formal binding order upon all parties and the appeal time to this Court began to run on that date.

"7. It is found that respondent's notice of appeal to this Court was not filed within twenty days from the appealable order of the Director of July 18, 1966.

"WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the purported appeal of the respondent and insurance carrier is dismissed, as there was not timely notice of appeal filed from the order of July 18, 1966, upon which jurisdiction could be conferred upon this Court."

For reasons hereafter stated, we are of the opinion the district court did not err in dismissing the appellant's appeal.

Prior to the abolishment of the office of workmen's compensation commissioner in 1961 (*Schumacher v. Rausch*, 190 Kan. 239, 372 P. 2d 1005), awards of compensation entered by the various examiners were subject to review and approval by the commissioner. K. S. A. 44-551 now provides that the director shall review the award of an examiner upon written request of any interested party. After specifying the preliminary powers of the six examiners to be appointed by the director, the statute provides, in part:

". . . and under the direction of the director any such examiner may conduct an investigation, inquiry, or hearing in the same manner and with like effect as if done by the director and all acts, findings, awards, decisions, rulings or modifications of findings or awards made by such examiner, *shall be subject to review and approval by the director upon written request of any interested party within ten* (10) *days and if no such request is made, the the director shall approve such actions, findings, awards, decisions, rulings* or modifications of findings or awards of the examiner and the filing of such a request for review shall not be a prerequisite to an appeal as provided for in section 44-556 of the General Statutes Supplement of 1959." (Emphasis supplied.)

The language of the section is plain and explicit. It requires neither clarification nor interpretation, and means exactly what it says, that is, that any interested party seeking review of an award

of an examiner shall make a written request to the director for such review within ten days after the award is entered and filed with the director. Obviously, the Legislature used the term "written request" to eliminate, as far as possible, all controversies as to whether such a request had been made, and if made, whether it was made within the time prescribed. The fact that the statute prescribes a "written request" for review might very properly and fairly come under the general rule that it was the intention of the legislature to exclude all other ways of making such a request.

Under the statute, a timely written request is essential to invoke the jurisdiction of the director to review the award of the examiner. (*Ward v. Marzolf Hardwood Floors, Inc.,* 190 Kan. 809, 378 P. 2d 80.) Where a written request for a review is made, it is an easy matter for an interested party to establish the fact that such a request has been made, and when the request was received by the director. On the other hand, where no written request is made, as in the instant case, this court will not give judicial sanction to an oral request made by an interested party in a telephone call to the director, as compliance with the statutory requirement of a timely written request for review. Under such circumstances, the statutory procedure for review has not been invoked, and the director has no function to perform other than to approve the award of the examiner. In *Ward v. Marzolf Hardwood Floors, Inc.,* supra, it was said:

". . . Under the 1961 act, as amended, the award of the examiner becomes the award of the director *unless within ten days after the filing of the same the aggrieved party makes a written request to review the examiner's award,* and if no application for review is made, at the expiration of ten days the award of the examiner becomes the award of the director . . ." (l. c. 810, 811.) (Emphasis supplied.)

The Workmen's Compensation Act is complete within itself and provides its own procedure. It has been held that full compliance must be adhered to whenever the term "written" is used in the Act. K. S. A. 1967 Supp., 44-520 (*a*) and 44-551 are somewhat analogous in that the former requires a *written* claim for compensation be served upon the employer, and the latter requires a *written* request be made to the director. Our former decisions which bear on the question with respect to filing a written claim for compensation, insofar as they relate to the question here involved, are regarded as being in harmony with the foregoing conclusion. (*Klein v. McCullough,* 135 Kan. 593, 11 P. 2d 983; *Breedlove v. General Bak-*

*ing Co.,* 138 Kan. 143, 23 P. 2d 482; *Webb v. Braden & McClure Drilling Co.,* 149 Kan. 818, 89 P. 2d 852; *Solorio v. Wilson & Co.,* 161 Kan. 518, 169 P. 2d 822.) In the *Klein* case, supra, commenting upon the reason for requiring a written demand, the court said:

"In view of the foregoing, the question of waiver of the written demand needs little discussion. This court is grateful to the legislature for the enactment of section 20 of the present statute, which emancipated the bench and bar, and the compensation commission as well, from the mess we were in touching the requirements of notice and demand and how they might be waived where no prejudice was shown—not to speak of our more or less constant distrust that such waivers were largely established by interested and questionable testimony. This court is not disposed to open another such Pandora's box of trouble by conceding that the plain letter of the statute can be circumvented by oral testimony to show a waiver of its requirement. That requirement is a very simple one. Any workman, however limited his learning, can conform to it. Almost any sort of writing which can be fairly interpreted as a written demand . . . will satisfy the statute, but . . . oral testimony will not do so . . . ." (l. c. 597.)

As indicated, on July 18, 1966, no written request for a review of the award having been made, the director entered his formal order approving the award pursuant to 44-551. Once the director has entered his order approving an award, he lacks jurisdiction and authority to reopen the matter except under K. S. A. 44-528 relating to the review and modification of an award on the grounds of changed conditions. Thereafter the only recourse for an aggrieved party aside from the relief afforded by 44-528, is to appeal to the district court. In *Fleming v. National Cash Register Co.,* 188 Kan. 571, 363 P. 2d 432, it was said:

"In *Walz v. Missouri Pac. Rld. Co.,* 130 Kan. 203, 285 Pac. 595, this court held that the order of the workmen's compensation commissioner on August 20, 1929 setting aside his award of August 12, 1929, and directing a rehearing on the claim, was void." (l. c. 576.)

It follows that the director was without authority to set aside his order of July 18, 1966, approving the award, upon his assumption that a timely oral application gave him jurisdiction to conduct a review hearing. Likewise, his order of October 21, 1966, reaffirming his previous approval of the award was erroneous and a nullity.

Was the director's order of July 18, 1966, a final award that would sustain an appeal to the district court? It is clear that it was. See *Harper v. Coffey Grain Co.,* 192 Kan. 462, 388 P. 2d 607.

Following the expiration of ten days after the award of the examiner was filed in the director's office on July 8, 1966, the award

became final under the terms of the statute and the respondent and the insurance carrier had twenty days from that date to appeal to the district court. (K. S. A. 44-556.) The only notice of appeal appearing in the record is the appellants' notice of appeal dated November 1, 1966, purporting to appeal from the order of the director of October 21, 1966, which, as we have seen, was a nullity. There being no timely notice of appeal from the director's order of July 18, 1966, the district court did not err in dismissing the appeal.

The judgment is affirmed.