No. 46,967

HOMER J. BUSHEY, *Appellee*, v. PLASTIC FABRICATING COMPANY, *Appellant*, and/or SECOND INJURY FUND, *Appellee*, and THE TRAVELERS INSURANCE COMPANY, *Appellant*.

(515 P. 2d 735)

Opinion filed November 3, 1973.

*David W. Buxton*, of Fleeson, Gooing, Coulson and Kitch, of Wichita, argued the cause, and *Donald R. Newkirk*, of the same firm, was with him on the brief for the appellants, Plastic Fabricating Company and The Travelers Insurance Company.

*Carl L. Buck*, of Wichita, argued the cause, and was on the brief for the appellee, Second Injury Fund.

The opinion of the court was delivered by

PRAGER, J.: This is a workmen's compensation appeal. The facts are not in dispute and are essentially as follows: The claimant-appellee, Homer J. Bushey, was employed by the respondent-appellant, Plastic Fabricating Company, as a handicapped worker in 1967. At the time of his employment Bushey had spondylolisthesis, a congenital back deformity. This congenital back deformity was made known to the workmen's compensation director by the respondent's filing form 88 pursuant to the regulations of the director. On May 1, 1968, claimant in the course of his employment picked up a heavy form which somehow fell back on him, throwing him to the floor. Claimant's back was injured. Claimant was sent

to Dr. Eugene E. Kaufman for treatment and the respondent and its insurance carrier, Travelers Insurance Company, began paying compensation to the claimant. In December 1968, on advice of counsel, the respondent and Travelers stopped the payment of compensation on the theory that any workmen's compensation was owed by the Second Injury Fund because Bushey's disability was the result of his congenital back condition rather than the accident of May 1, 1968. It was suggested to Mr. Bushey that he should make application for a hearing before the compensation director. When the claimant failed to apply for a hearing, the respondent and Travelers filed an application for a hearing and joined the Second Injury Fund as a party to the proceedings.

Depositions were taken and hearings were held before the workmen's compensation examiner on August 28, 1969, and September 11, 1969. It was the position of the respondent and Travelers that an accident had not occurred and further that if Bushey did sustain an injury, it would not have occurred but for his preexisting chronic back condition and by reason thereof all compensation and benefits should be paid by the Second Injury Fund rather than the employer and its insurance carrier.

The record discloses that on May 26, 1969, approximately one year after claimant's injury, an operation for a spinal fusion was performed on claimant's back. As of the time of the hearing a solid union had not been achieved. It is obvious from the testimony that issues pertaining to the nature and extent of claimant's permanent disability and the relative impact of claimant's congenital deformity and the subsequent accident on his physical disability could not be determined with reasonable certainty until the outcome of the spinal fusion was clarified. The examiner was obviously faced with a situation where it was not reasonably possible for him at the time to determine those issues.

On December 1, 1969, the workmen's compensation examiner entered an award in favor of the claimant. He found specifically that claimant suffered injury by accident on May 1, 1968. He made a finding that such injury occurred in the unstable portion of claimant's back and resulted in a severe back strain which would not have been so severe but for the preexisting congenital back condition. In regard to claimant's disability the examiner found as follows:

"That the Claimant's condition has not progressed to a point where an

adequate, accurate Award for any permanent partial disability can be made at this time; but that the Claimant is totally disabled and will probably continue to be totally disabled until about the first day of March, 1970."

As to the apportionment of disability between the preexisting congenital condition and the subsequent accident the examiner found as follows:

"That the present total disability of the Claimant is largely attributable to his pre-existing low back condition and that although he would have suffered some total disability with a normal back, the period of disability would not have been as extended."

It is important to note the unusual nature of the award which was entered. The examiner found that "based upon the evidence presented to date" an award is entered in favor of the claimant against the Plastic Fabricating Company and its insurance carrier and the Second Injury Fund for temporary total disability of the claimant for the fixed period from May 8, 1968, to the first day of March 1970. The compensation payments to be made were to continue until March 1, 1970, or until further order modifying the same is made by the director. These temporary total disability payments along with hospital and medical expenses were apportioned between the respondent's insurance carrier and the Second Injury Fund on the basis of 75% payable by the Second Injury Fund and 25% by the Travelers Insurance Company. The award of the examiner was approved by the director as of December 11, 1969. Neither of the parties appealed from this award. Workmen's compensation payments were made by Travelers and the Second Injury Fund in full compliance with this award.

Subsequent to March 1, 1970, additional depositions were taken and additional proceedings were had before the workmen's compensation examiner. Evidence was presented before the examiner on March 18, 1971, consisting of additional testimony from the claimant and the introduction of the medical depositions previously referred to. It is clear at that point that the matter was ready for final submission by the parties.

On December 17, 1971, an award was entered by the examiner. The issues stated for determination were (1) the nature and extent of the disability suffered by Bushey as a result of the accident and (2) the apportionment of liability between the employer and its insurance carrier and the Second Injury Fund. The evidence presented at this second hearing disclosed that the spinal fusion previously performed on May 26, 1969, had not achieved a solid

union. The examiner found that the claimant had a 75% permanent partial disability to the body as a whole; that the claimant was entitled to temporary total disability during the period between May 8, 1968, and March 1, 1970, which should be paid 25% by the respondent and Travelers and 75% by the Second Injury Fund; and that thereafter permanent partial disability payments should be paid in the same proportion. On review the workmen's compensation director increased the permanent disability rating from 75% to 100% and modified the apportionment of liability between the Second Injury Fund and the respondent-employer and Travelers as to all compensation benefits accruing after March 1, 1970, to a 50-50 apportionment. The respondent and Travelers Insurance Company appealed to the district court which adopted the director's findings in all respects. The employer, Plastic Fabricating Company, and Travelers Insurance Company have appealed to this court.

The employer and its insurance carrier have raised two points on this appeal. The first contention is that the district court erred in rendering an order of apportionment different from the apportionment contained in the initial award entered on December 1, 1969, in that such order constituted a modification of a final order based on a past fact. As their second point the appellants contend that, alternatively, the district court erred in entering an order of apportionment different from the apportionment contained in the initial award in that there is no evidence that claimant's preexisting disability contributed to his temporary total disability following the "second accident" in any greater or different way than it contributed to his permanent disability following that accident. Appellants do not contest the permanent disability rating of 100%.

In support of their first point the appellants argue in substance that the procedure which was followed in this case was not standard; that the examiner entered one award for temporary benefits and a later award for permanent benefits; that the workmen's compensation act makes no provisions for such procedure and neither do the rules of the director. They further contend that the award entered by the examiner on December 1, 1969, became final when it was approved by the director since no appeal was taken to the district court from that order. The thrust of the argument is that once the director entered an order approving an award of compensation he lacked jurisdiction and authority to reopen the matter except under the provisions of K. S. A. 44-528 relating to review and modification

of an award on the grounds of changed conditions. (*Shinkle v. Kansas State Highway Commission*, 200 Kan. 191, 434 P. 2d 836.) Relying on *Coffee v. Fleming Company, Inc.*, 199 Kan. 453, 430 P. 2d, 259, the appellants contend that 44-528, providing for modification and review of the findings and award of the director, is intended to cover cases where the award of the director is directed to the future and not to cases where the findings were of a past fact. They reason that since the award of December 1, 1969, apportioned the compensation on a basis of 75% to the Second Injury Fund and 25% to Travelers Insurance Company and since no appeal was taken from that award, the apportionment became final and the workmen's compensation director had no power to change the apportionment of compensation at any time thereafter.

We agree with the appellants that in a typical case where the director has entered a *final* award of compensation determining all the issues before him, he lacks jurisdiction and authority to reopen the matter except under the provisions of K. S. A. 44-528 relating to review and modification of an award on the grounds of changed conditions. In the instant case, however, the record shows clearly that the first award entered on December 1, 1969, was intended as a temporary or interim award to be effective only until the issues of disability and apportionment of compensation could be finally determined. K. S. A. 44-523 provides in part that the director or court in a workmen's compensation proceeding shall not be bound by technical rules of procedure, and that they shall act reasonably and without partiality. The fair implication therefrom is that any procedure which is appropriate and not prohibited by the workmen's compensation act may be employed. (*Drennon v. Braden Drilling Co., Inc.*, 207 Kan. 202, 483 P. 2d 1022.) The workmen's compensation director by regulation has specifically provided for continuances in cases where the claimant is not yet ready for rating by physicians as to the extent of disability, with interim payment of compensation until that issue can be finally determined. K. A. R. 51-3-7 which was in effect at the time this case arose was as follows:

"51-3-7. *Continuances.* The parties are expected to take up the hearing on the claim at the first setting, and continuance will not be countenanced except for very grave reasons. Continuances should be requested and will be granted, however, in all cases where the claimant is not ready for rating by physicians as to extent of disability, provided it is shown that compensation is being paid."

It is clear to us that under K. S. A. 44-523 and K. A. R. 51-3-7

the workmen's compensation director may grant continuances to give the parties a reasonable opportunity to be heard and present their evidence and may in an appropriate case provide for the payment of compensation during the interim period until the issues are finally determined.

Further statutory support for this conclusion is K. S. A. 1971 Supp. 44-569a which provides as follows:

"44-569a. Reimbursement from second injury fund, when. Whenever in any claim for compensation the Kansas second injury fund is a party respondent and the employer or insurance carrier has either voluntarily or by order of the director, paid disability compensation and/or furnished medical treatment for the injured workman, such employer or insurance carrier shall be entitled to reimbursement from the Kansas second injury fund of such compensation and/or medical treatment to the extent said fund shall be determined to be liable for such disability compensation and/or medical treatment."

Under this provision an employer may be ordered to pay workmen's compensation in cases where the Second Injury Fund is a party respondent and may be reimbursed later when it is finally determined that the Second Injury Fund is liable for such disability compensation or medical treatment. This provision makes it possible for an injured workman to receive compensation while the question of liability is being litigated between the employer and the Second Injury Fund. It obviously contemplates a temporary or interim award of compensation until that issue can be finally adjudicated. The record before us shows without question that the first award entered on December 1, 1969, was intended as an interim award for temporary total compensation only for the specific period from May 8, 1968, until March 1, 1970. The examiner specifically found claimant's condition had not progressed to a point where an adequate accurate award for any permanent partial disability could be made at that time. The temporary award was specifically "based upon the evidence presented to date."

The review and modification statute has no application under the facts of this case since the first award was of an interim nature, limited to temporary total payments to a specific date. The final apportionment of liability as between the appellants and the Second Injury Fund could not be made until permanent disability could be determined. This was a determination which, of necessity, had to be held in abeyance until the success or failure of the spinal fusion could be ascertained. We find that the procedure which was followed in this case, although unusual, was authorized by the neces-

sities of the situation. We find that the procedure which was followed here was appropriate, reasonable and afforded the parties the opportunity to be heard and present evidence on the issues of the case. The director and the district court on appeal had jurisdiction to enter an award of apportionment as to liability for permanent disability between the Second Injury Fund and the appellants different from the apportionment previously made applicable only to temporary total disability.

We further find appellants' second point without merit. The record discloses that additional medical evidence on the issue of the relative effect of claimant's preexisting congenital back condition and the subsequent injury on claimant's disability was in fact presented in the subsequent hearing before the examiner in March 1971. The claimant, Homer J. Bushey, testified as to new symptoms which had not been present prior to the surgery for the spinal fusion. In addition to this the deposition of Dr. Roy B. Coffey was introduced in which Dr. Coffey gave his opinion that 25% to 30% of claimant's total disability could be attributed to the congenital condition and that 70% to 75% of his disability could be attributed to sequelae from the accident occurring in May of 1968. We also note that at the subsequent hearing Dr. Eugene E. Kaufman did not change his previous opinion that claimant's disability could be attributed 50% to the congenital or developmental condition and 50% to the later injury. This new evidence at the later hearing supported the findings of the director and the district court that permanent disability payments after March 1, 1970, should be apportioned 50% to the employer and its insurance carrier and 50% to the Second Injury Fund.

We find no error in the judgment of the district court and that judgment is affirmed.