(924 P.2d 1263)
No. 74,594

TONY BRADFORD, *Claimant/Appellant,* v. BOEING MILITARY AIRPLANES, *Respondent/Appellee,* and AETNA CASUALTY & SURETY COMPANY, *Insurance Carrier/Appellee,* and KANSAS WORKERS COMPENSATION FUND, *Appellee.*

Opinion filed September 27, 1996.

*Jim Lawing,* of Wichita, for appellant.

*Vaughn Burkholder* and *Stephen M. Kerwick,* of Foulston & Siefkin, L.L.P., of Wichita, for appellees respondent and insurance carrier.

*Orvel Mason,* of Law Offices of Orvel Mason, P.A., of Arkansas City, for appellee Kansas Workers Compensation Fund.

Before MARQUARDT, P.J., RULON, J., and PHILIP C. VIEUX, District Judge, assigned.

MARQUARDT, J.: Tony M. Bradford appeals from the order of the Workers Compensation Appeals Board (Board), arguing that (1) the Board erred in concluding that he suffered a work-related injury to his right wrist only; (2) the administrative law judge (ALJ) lacked the authority to issue an award; and (3) the prior decisions of this court defining the date of injury in carpal tunnel cases require that his injury be designated as a permanent partial general bodily disability.

Bradford worked as a mechanic for Boeing Military Airplanes (Boeing) from 1987 until September 1993. Bradford's job involved lifting, drilling, and riveting.

In July 1992, Bradford began to experience numbness, tingling, and a loss of grip strength in his right arm. About 2 to 3 weeks later, Bradford experienced similar symptoms in his left arm.

On August 10, 1992, Bradford went to Boeing's medical office, received pain medication, and was sent back to his job. Even though Bradford was having problems with both hands at that time, his right hand was more problematic.

On August 25, 1992, Bradford saw Dr. Harry Morris, an orthopedic surgeon. Bradford testified that he told Dr. Morris he was having problems with both of his arms and wrists; however, Dr. Morris' treatment notes reflect that Bradford only complained about his right arm, wrist, and hand. Dr. Morris' notes also indicate that Bradford kept working by using his left hand.

On September 7, 1992, Dr. Morris saw Bradford again and at that time, Bradford did not complain of problems with his left hand or wrist. Dr. Morris testified that on October 7, 1992, Bradford complained for the first time that his left wrist was bothering him.

After Bradford's fourth visit, Dr. Morris recommended that he see another surgeon as Bradford wanted surgery.

Bradford first saw Dr. James Gluck, an orthopedic surgeon, on December 8, 1992. Dr. Gluck treated Bradford by giving him cortisone injections. Dr. Gluck then performed carpal tunnel release surgery on Bradford's right arm on January 15, 1993, and his left arm on January 29, 1993.

In June 1993, following the surgeries and work hardening therapy, Bradford was released to go back to work on light duty; however, Bradford returned to his riveting and drilling job. After a few weeks, Bradford's symptoms recurred and he was reassigned to sorting blueprints. In September 1993, Bradford was laid off by Boeing.

Bradford had filed a workers compensation claim against Boeing and its insurance carrier. Bradford received an award in which the ALJ found that Bradford "[had] a 10 percent impairment to his right arm as a result of his accidental injuries suffered while working for the respondent." Similarly, the ALJ found that Bradford "[had] not sustained his burden to prove that any problems that he had with his left arm [were] related to injuries he received at work." The Board affirmed the ALJ's award.

Bradford argues that he suffered from bilateral carpal tunnel syndrome and not just an injury to his right wrist.

"Our scope of review in a workers compensation case requires that we view the evidence in a light most favorable to the prevailing party and that we determine whether the trial court's findings are supported by substantial competent evidence." *Grizzle v. Gott Corp.*, 19 Kan. App. 2d 392, 393, 872 P.2d 303 (1993).

The ALJ and the Board found that Bradford failed to sustain his burden of proof that he injured his left arm and/or hand as a result of working for Boeing.

This court will affirm the Board's ruling absent proof of an arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion, or prejudice. *Rodriguez v. Henkle Drilling & Supply Co.*, 16 Kan. App. 2d 728, 730, 828 P.2d 1335, rev. denied 251 Kan. 939 (1992); see *Guerrero v. Dold Foods, Inc.*, 22 Kan. App. 2d 53, 58, 913 P.2d 612 (1995).

If only one hand is stricken with carpal tunnel syndrome, the claimant is compensated for a scheduled injury pursuant to K.S.A. 44-510d. However, if both hands are stricken with carpal tunnel syndrome, the claimant is compensated for a permanent partial general bodily disability pursuant to K.S.A. 44-510e. *Berry v. Boeing Military Airplanes*, 20 Kan. App. 2d 220, 227, 885 P.2d 1261 (1994).

There is conflicting evidence in the record as to whether the injury to Bradford's left arm was work related. Although Dr. Morris' testimony was contradictory, his treatment records indicate that Bradford first complained of symptoms in his left wrist 6 weeks after he was taken off work. When presented with these facts, Dr. Gluck testified that it was his personal opinion that the injury to Bradford's left hand was probably not work related.

" 'The existence, nature and extent of the disability of an injured workman is a question of fact,' "*Armstrong v. City of Wichita*, 21 Kan. App. 2d 750, 756, 907 P.2d 923 (1995), *rev. denied* 259 Kan. 927 (1996) (quoting *Chinn v. Gay & Taylor, Inc.*, 219 Kan. 196, Syl. ¶ 3, 547 P.2d 751 [1976]). This court does not reweigh the evidence or evaluate the credibility of witnesses. See *Locks v. Boeing Co.*, 19 Kan. App. 2d 17, 19, 864 P.2d 738, *rev. denied* 253 Kan. 859 (1993).

The Board's decision that Bradford suffered a work-related injury to his right extremity only is supported by substantial competent evidence.

Bradford argues that the ALJ lacked authority to issue an award because he had filed a letter requesting that the Director of Workers Compensation decide or reassign the case pursuant to K.S.A. 44-523.

The issue of whether an ALJ had jurisdiction to enter an award is a question of law. A question of law is subject to de novo review. See *Waln v. Clarkson Constr. Co.*, 18 Kan. App. 2d 729, 731, 861 P.2d 1355 (1993).

The Kansas Workers Compensation Fund (Fund) argues that this issue was not presented to the Board and may not be asserted for the first time on appeal to this court. Bradford's notice of appeal to the Board challenged whether the ALJ had jurisdiction to enter

the award and his brief to the Board recounts the facts relevant to the jurisdictional argument. Therefore, this argument is not raised for the first time on appeal to this court.

At the regular hearing, the ALJ set terminal dates of August 20, 1994, for Bradford, and September 20, 1994, for Boeing and the Fund. See K.S.A. 44-523(b). Bradford filed his submission letter on October 11, 1994, Boeing filed its submission letter on January 5, 1995, and the Fund filed its submission letter on January 23, 1995. On January 20, 1995, Bradford made a written request for a decision to be made by either the Director or an associate director pursuant to "statutory authorization." See K.S.A. 44-523(c). Bradford's letter stated that the ALJ had not yet issued an award in the case "although it was submitted for a decision over three months ago."

Bradford relies on the mandatory language of K.S.A. 44-523(c):

"When all parties have submitted the case to an administrative law judge for an award, the administrative law judge shall issue an award within 30 days. When the award is not entered in 30 days, any party to the action may notify the director that an award is not entered and the director *shall* assign the matter to an assistant director or to a special administrative law judge who shall enter an award forthwith based on the evidence in the record, or the director, on the director's own motion, may remove the case from the administrative law judge who has not entered an award within 30 days following submission by the party and assign it to an assistant director or to a special administrative law judge for immediate decision based on the evidence in the record." (Emphasis added.)

Bradford essentially argues that his letter requesting the Director to decide or reassign the case pursuant to K.S.A. 44-523 divested the ALJ of jurisdiction to decide the case. Bradford cites no case law that treats K.S.A. 44-523(c) as such a jurisdictional rule.

Bradford ignores that the Director is required to reassign the case if the ALJ has not entered an award within 30 days after "all parties have submitted the case." K.S.A. 44-523(c). Here, the submission letters of Boeing and the Fund had not been on file over 30 days when Bradford made his request. However, the submission letters were filed past the terminal date set by the ALJ and neither Boeing nor the Fund had requested an extension under K.S.A. 44-523(b). See *Bushey v. Plastic Fabricating Co.*, 213 Kan. 121, 125-

26, 515 P.2d 735 (1973) (noting that continuances may be granted so that parties may be heard). The lateness of these letters, however, does not alter the language of K.S.A. 44-523(c) that all parties must have submitted the case to the ALJ before the 30-day period begins.

It is worth noting that Bradford's submission letter was also late and no request for an extension appears in the record.

The ALJ is not bound by technical rules of procedure. K.S.A. 44-523(a); *Armstrong*, 21 Kan. App. 2d at 758; see also *Bahr v. Iowa Beef Processors, Inc.*, 8 Kan. App. 2d 627, 634, 663 P.2d 1144, *rev. denied* 233 Kan. 1091 (1983) (holding that lack of notice regarding the classification of the disability did not prejudice the respondent). Bradford does not demonstrate that the allowance of additional time for Boeing and the Fund to file their submission letters prejudiced him or resulted in an unfair decision.

Additionally, one of the purposes behind K.S.A. 44-523(c) is to expedite the processing of claims by making the Director aware of submitted and ready cases that have not been decided by the designated ALJ. See *Boeing Military Airplane Co. v. Enloe*, 13 Kan. App. 2d 128, 131, 764 P.2d 462 (1988), *rev. denied* 244 Kan. 736 (1989) (noting that the Workers Compensation Act should be construed to allow the speedy adjustment of claims). Using K.S.A. 44-523(c) to invalidate an award once it has been entered would be contrary to the administrative economy that the statute is designed to facilitate.

Although we have not found any case law considering the current version of the statute, our Supreme Court has addressed a similar issue involving an earlier version of the statute. In *Davis v. Haren & Laughlin Construction Co.*, 184 Kan. 820, 822, 339 P.2d 41 (1959), our Supreme Court ruled that while G.S. 1949, 44-523 provided

"that an award shall be made within thirty days from the time the matter is submitted, this court held in *Ketchell v. Wilson & Co.*, 138 Kan. 97, 99, 23 P.2d 488 [1933], that although the statute is designed to secure prompt action, it does not impose a time limitation upon the commissioner's jurisdiction to make an award."

The Board clearly rejected the notion that the filing of a request under K.S.A. 44-523(c) for the matter to be reassigned would op-

erate to deprive the ALJ of jurisdiction. We agree. The ALJ did not lose jurisdiction to make this award.

Bradford argues that because the last day he worked for Boeing as a sheet metal mechanic was after he had undergone surgery on both his wrists and suffered a recurrence of symptoms in both arms, the law requires that his injury be treated as a general bodily disability rather than a scheduled injury.

Bradford cites *Berry*, 20 Kan. App. 2d 220, Syl. ¶ 3, where this court held:

"The date of accident or date of occurrence in a workers compensation action involving carpal tunnel syndrome is the last day on which a claimant performs services for his or her employer and is required to stop working as a direct result of the claimant's pain and disability resulting from carpal tunnel syndrome."

In *Condon v. Boeing Co.*, 21 Kan. App. 2d 580, 587, 903 P.2d 775 (1995), however, this court noted that "when a worker suffering from work injuries caused by micro-traumas is laid off from work in a general layoff, and not because of a medical condition, the date of injury is not always the last day the worker worked."

Under *Berry* and *Condon*, the date of injury was not necessarily the last day worked. Here, the parties stipulated that the date of accidental injury was July 15, 1992.

Bradford worked until September 1993, when he was laid off due to a general layoff, not because of a medical condition. Bradford did not stop working as a "direct result of [his] pain and disability resulting from carpal tunnel syndrome." *Berry*, 20 Kan. App. 2d 220, Syl. ¶ 3. For these reasons, Bradford's argument that his injury should be treated as a general bodily disability lacks merit.

Affirmed.