(995 P.2d 369)
No. 81,414

FANNIE L. COPELAND, *Appellee,* v. JOHNSON GROUP, INC., and TRAVELERS INSURANCE COMPANY, *Appellants,* and KANSAS WORKERS COMPENSATION FUND.

Opinion filed December 30, 1999.

*Douglas M. Greenwald* and *Frederick J. Greenbaum,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for the appellants.

*Robert W. Harris,* of Kansas City, for the appellee.

Before PIERRON, P.J., BARRY A. BENNINGTON, District Judge, assigned, and PHILIP L. SIEVE, District Judge, assigned.

PIERRON, J.: After remand from this court, Johnson Group, Inc., (Johnson) and Travelers Insurance Company (Travelers) appeal the decision of the Workers Compensation Board (Board) awarding Fannie L. Copeland work disability benefits based on a finding that Copeland made a good faith effort to find appropriate employment and that Johnson failed to offer Copeland an accommodated position.

The facts in this case can be found at *Copeland v. Johnson Group, Inc.,* 24 Kan. App. 2d 306, 944 P.2d 179 (1997). We remanded the case to the Board in light of the following principles:

"In attempting to harmonize the language of K.S.A. 44-510e(a) with the principles of *Foulk* [*v. Colonial Terrace*, 20 Kan. App. 2d 277, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995)], we find the factfinder must first make a finding of whether a claimant has made a good faith effort to find appropriate employment. If such a finding is made, the difference in pre- and post-injury wages based on the actual wages can be made. This may lead to a finding of lesser wages, perhaps even zero wages, notwithstanding expert opinion to the contrary.

"If a finding is made that a good faith effort has not been made, the factfinder will have to determine an appropriate post-injury wage based on all the evidence before it, including expert testimony concerning the capacity to earn wages." 24 Kan. App. 2d at 320.

After submission of briefs on the issues, including the question of whether Johnson offered Copeland an accommodated position, the Board reinstated its original order upon the ensuing findings:

"Claimant [Copeland] applied for unemployment compensation shortly after learning that she had been terminated by respondent [Johnson]. She was still receiving those benefits at the time of both the regular hearing and the continuation by deposition of the regular hearing. Although claimant did not recall the names of all of the employers where she had made contacts, it was claimant's testimony that she had contacted at least three employers a week every week since her unemployment compensation was begun. Based upon that testimony and claimant's other testimony concerning her job search efforts, the Appeals Board finds that claimant made a good faith effort to find appropriate employment. She is, accordingly, entitled to a 100 percent wage loss based upon her actual wages pre- and post-injury.

"The Court of Appeals also remanded for clarification of the Appeals Board's findings concerning whether the respondent made claimant an offer of accommodated employment. The Appeals Board found that no specific accommodations were ever offered. Furthermore, even if the employer was willing to accommodate claimant's temporary restrictions from Dr. Brad W. Storm, the respondent withdrew any such offer of accommodation by terminating claimant before she could attempt any job. The claimant never refused to attempt accommodated work. Therefore, there is no wage to impute under the analysis of *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995)."

Our standard of review is to determine whether the Board's findings of fact are supported by substantial competent evidence. This determination is a question of law which permits our review. In a workers compensation case, substantial competent evidence is such evidence possessing something of substance and relevant conse-

quence, and furnishing substantial basis of fact from which the issue tendered can be reasonably resolved. *Depew v. NCR Engineering & Manufacturing*, 263 Kan. 15, 26, 947 P.2d 1 (1997).

There are two questions for our resolution. We must determine whether there is substantial competent evidence to support the Board's finding (1) that Copeland exerted a good faith effort to find appropriate employment and (2) that Johnson failed to offer Copeland an accommodated position.

First, we find there is substantial evidence to support the Board's decision that Copeland made a good faith effort to find appropriate employment. After she was terminated by Johnson, Copeland applied for and received unemployment benefits. She was required to apply at three places of employment each and every week in order to receive those benefits. At the regular hearing and the subsequent continuation through deposition, Copeland testified to the multiple places she applied for employment and that she could not remember the names of all of the employers she had contacted. She said she was turned down because of her work restrictions or the business was not hiring.

In *Copeland*, we said that if an employee makes a good faith effort to find appropriate employment, the difference between pre- and post-injury wages "may lead to a finding of lesser wages, perhaps even zero wages, *notwithstanding expert opinion to the contrary*." (Emphasis added.) 24 Kan. App. 2d at 320. Johnson's main argument on appeal is that it should not be possible for a claimant to receive a 100% wage loss rating when there is expert testimony that the injured worker still has a substantial capacity to earn wages. However, such a result was contemplated in the language previously cited in *Copeland* and found to be permissible. This is because a work disability award can be based on both task loss, which is directly related to disability, and wage loss, which may be less so.

In this case the Board found a 60% task loss, based on expert testimony. It found a 100% wage loss, based on Copeland's good faith efforts to find employment, which nevertheless resulted in no employment. The combination of the two produced a work disability award of 80%. These findings are consistent with the evi-

dence, although another finder of fact might have ruled otherwise. Findings supported by substantial evidence will be upheld by an appellate court even though evidence in the record would have supported contrary findings. *Shields v. J.E. Dunn Constr. Co.*, 24 Kan. App. 2d 382, 385, 946 P.2d 94 (1997).

Copeland's job searching efforts were not "nothing more than a sham or token effort" as occurred in *Cooper v. Mid-America Dairymen*, 25 Kan. App. 2d 78, 82, 957 P.2d 1120 (1998). Her efforts might have been better focused as the appellants point out, but we believe the Board's decision is arguably supported by the evidence.

An employer may limit its work disability liability to the workers functional impairment by offering an accommodated position which the worker is physically able to perform. However, there is substantial evidence to support the Board's finding that even if Johnson was willing to accommodate Copeland's temporary restrictions from Dr. Brad W. Storm, Johnson withdrew any such offer of accommodation by terminating Copeland before she could attempt any job. The evidence is undisputed that Dr. Storm and Dr. O'Mailey released Copeland to return to work on December 17, 1993, with temporary restrictions of no lifting over 20 pounds. However, Copeland testified that when she called Duggins Cleaners on December 17, 1993, to report she was having transportation problems and was also still in pain, she spoke with the manager, Jerry Miller, and she was not given a specific return date.

Copeland testified she called Duggins again in late December 1993 or early January 1994 and spoke with her supervisor, Steven Stevener. Copeland alleged that he told her:

" 'Fannie, take your time.' He said, 'Don't be in a hurry.' He said, 'Don't be like Betty did. She come in here and she's going through hell. She's in constant pain and complaining all the time.' He said, 'Take your time, because we're not really doing that much right now. You know, how the slack season goes.' "

On the other hand, Stevener testified he had a light duty accommodated position waiting for Copeland in the middle of December 1993, and he denied the alleged telephone conversation where he allegedly told Copeland to take her time in coming back to work. Copeland was terminated on January 6, 1994.

The Board found Copeland's testimony to be more credible and we will not reweigh the evidence. See *Bradford v. Boeing Military Airplanes*, 22 Kan. App. 2d 868, 871, 924 P.2d 1263, *rev. denied* 261 Kan. 1084 (1996) (The appellate court will generally not reweigh evidence or evaluate witnesses' credibility.). Therefore, the evidence supports that Copeland never refused to attempt accommodated work, and we will not impute a wage to her under K.S.A. 44-510e(a).

Affirm.