(28 P.3d 398)
No. 84,43█

THOMAS E. HELMSTETTER, *Appellee*, v. MIDWEST GRAIN PRODUCTS, INC., *Appellant*.

Opinion filed February 16, 2001.

*Donald J. Fritschie*, of Wallace, Saunders, Austin, Brown & Enochs, Chtd., of Overland Park, for appellant.

*Bruce Alan Brumley*, of Brumley Law Office, of Topeka, for appellee.

Before MARQUARDT, P.J., ELLIOTT, J., and JOHN E. SANDERS, District Judge, assigned.

ELLIOTT, J.: Midwest Grain Products, Inc., (Midwest Grain) appeals the Workers Compensation Board's award of permanent partial general disability (work disability) to Thomas E. Helmstetter.

We affirm.

Helmstetter, who had worked at Midwest Grain for 23 years, was injured by an explosion while at work, injuring both arms. Claimant had been involved in two prior explosions while at work. After release from the hospital and after being released by Dr. Shriwise to return to work, claimant returned to Midwest Grain

for several months but later quit his job, stating his reasons for leaving were a lot of stress, he was nervous, he was scared, and he thought he "could deal with it and it would go away, but it wasn't working."

Shortly after leaving Midwest Grain, claimant was hired at Wal-Mart and later took on a second, part-time job. Later, he left Wal-Mart for a job with Northwest Pipe Company.

Dr. Hatcher testified for claimant, diagnosing him with post-traumatic stress disorder (PTSD). She testified the causative, precipitating event was the explosion. Dr. Hatcher also testified claimant was reasonable in leaving the plant to cope with the stimuli at the plant which caused his PTSD to worsen, feeling avoidance is sometimes the only way to cope with PTSD. Dr. Hatcher tells her patients to seek employment which does not risk their safety. Dr. Hatcher imposed a restriction on claimant related to her concern that he needed to be in a work place where he felt safe.

Dr. Lacoursiere testified on behalf of Midwest Grain and, although he opined claimant's PTSD was in remission, he stated it could come back if claimant returned to work at the Midwest Grain plant.

The administrative law judge found claimant was entitled to work disability due to PTSD and found the testimony of Dr. Hatcher to be credible. Further, the administrative law judge found the PTSD prevented claimant from returning to work due to the related fear and anxiety.

The Board affirmed, finding that claimant left work due to his injury, acted in good faith in leaving the plant, and could not bid on other jobs at the plant due to PTSD. The Board supported its ruling by noting the testimony of both experts and the fact claimant's condition seemed to worsen while at the plant, but improved after leaving Midwest Grain.

Midwest Grain does not appeal the finding that claimant's PTSD was work related and does not appeal the accident or whether the injury occurred. Midwest Grain only challenges the award of work disability as defined in K.S.A. 1999 Supp. 44-510e.

Disabilities resulting from psychological injuries are compensable when directly traceable to a compensable injury. *Rund v. Cessna Aircraft Co.*, 213 Kan. 812, 827, 518 P.2d 518 (1974).

Midwest Grain first claims Helmstetter is not entitled to work disability because he voluntarily left his employment when he could have bid on other jobs within the company located in different departments. Although a transfer would have removed claimant from the immediate vicinity of the accident, the evidence indicated claimant needed to be away from Midwest Grain altogether, and claimant's testimony was bolstered by that of both experts.

Midwest Grain's reliance on *Lowmaster v. Modine Mfg. Co.*, 25 Kan. App. 215, 962 P.2d 1100, *rev. denied* 265 Kan. 885 (1998), is misplaced because here the evidence supported the finding that claimant, due to PTSD, needed to be away from the Midwest Grain plant entirely.

Further, *Lowmaster* was clarified in *Oliver v. Boeing Co.*, 26 Kan. App. 2d 74, 977 P.2d 288, *rev. denied* 267 Kan. 889 (1999). The *Oliver* court ruled neither K.S.A. 1998 Supp. 44-510e(a) nor the policy exemption discussed in *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995), required claimant to seek post-injury accommodated work from his or her employer in every case. 26 Kan. App. 2d at 77. Rather, a request for accommodation is just one factor to be considered in deciding whether a claimant has acted in good faith. 26 Kan. App. 2d at 77.

Dr. Hatcher testified it was reasonable for claimant to leave Midwest Grain in order to cope with his PTSD and claimant's symptoms did subside shortly after leaving. Midwest Grain's expert also stated claimant's symptoms could come back if he returned to work at the plant. There is substantial competent evidence to support the Board's finding that claimant acted in good faith in leaving his job at Midwest Grain.

Midwest Grain also argues claimant is not entitled to work disability because he has demonstrated he retains the ability to perform his preinjury job, relying on *Watkins v. Food Barn Stores, Inc.*, 23 Kan. App. 2d 837, 936 P.2d 294 (1997). *Watkins* is distinguishable. Here, claimant left Midwest Grain due to his injury. Watkins left his job because Food Barn went out of business.

Further, *Watkins* involved a different definition of work disability. The former version of K.S.A. 44-510e involved an ability test both as to jobs and wages, and *Watkins* is premised on that ability test.

Currently, ability or capacity to earn wages only becomes a factor when a finding is made that a good faith effort to find appropriate employment has not been made. *Copeland v. Johnson Group, Inc.*, 26 Kan. App. 2d 803, 804, 995 P.2d 369 (1999), *rev. denied* 269 Kan. 931 (2000). Once a finding has been made that the claimant has established a good faith effort, the difference in pre-and post-injury wages can be based on the actual wages made. *Copeland*, 26 Kan. App. 2d at 804.

The Board's determination in this regard is supported by substantial competent evidence.

Affirmed.